YOUNG M. HODGERSON *et al.*

*v.*

THE ST. LOUIS, CHICAGO AND ST. PAUL RAILROAD CO.

*Filed at Springfield March 30, 1896.*

1. CONDEMNATION—*evidence as to public use of land condemned.* Evidence that a strip of land sought to be condemned by a railroad company as a team-track, to accommodate the public in loading and unloading cars, is not of convenient width for the purpose proposed, is not sufficient to show the track was not intended for a public use.

2. SAME—*tenant must show damage to leasehold interest..* A party defendant holding a lease on property sought to be condemned, who offers no evidence on which damage to his interest can be estimated, cannot complain of an instruction that the only person claiming damage is the owner of the fee.

3. EVIDENCE—*competency of declarations of agent of railway company.* Declarations as to the intended use of a strip of ground sought to be condemned, made by the right of way agent of the petitioning railway company, who was not a general officer, while trying to settle with property owners, are properly excluded, as not being within any actual or apparent authority of such agent.

APPEAL from the County Court of Morgan county; the Hon. RICHARD YATES, Judge, presiding.

MORRISON & WORTHINGTON, for appellants.

JOHN A. BELATTI, and EDWARD P. KIRBY, for appellee.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

Appellee filed its petition in the county court of Morgan county, May 9, 1895, asking to have the just compensation to be paid for a part of a lot in the city of Waverly ascertained. It was averred that the property was necessary for the side-track or turn-out of its railroad, and that the title of record was in Mary J. Wrightsman, whose husband was John W. Wrightsman, and that Young M. Hodgerson and Almira Hodgerson held a bond for a deed thereto. At the hearing it appeared that Hodgerson had obtained a deed in pursuance of his bond, and had conveyed the premises to Samuel P. Wheeler and taken back a lease of the same. Samuel P. Wheeler, by leave of court, entered his appearance and filed objections to the consideration of the petition, which were heard by the court and overruled. A jury having been called, there was a trial, and a verdict fixing the compensation to be paid to Samuel P. Wheeler for the property taken, and for damages. On this verdict judgment was entered.

The ground of the objection to the proceeding was, that the land was to be taken for a private use, for the benefit of a certain mill. The petition averred that the side-track or turn-out was for a public use, and the general superintendent and general manager of the petitioner testified as to the intended use, which was for storing cars and allowing cars to stand to be loaded and unloaded, for the purpose of accommodating merchants and the public, and that the location selected was the

most convenient and accessible for the public for such purpose. The evidence in support of the objection was, mainly, that a strip twenty-five feet wide,—which was the width proposed to be taken for the track,—would not be of convenient width for a team and wagon track for loading and unloading cars, on account of inconvenience in passing. This was not sufficient to show that the track was not intended for a public use.

It is claimed that the court improperly excluded evidence of the statements of a right of way agent of the petitioner as to an intended use of the track to reach the mill, and it is insisted that his statements, made during the time when he was endeavoring to settle with property holders, were competent. He was not a general officer of the petitioner, having charge of the management of its affairs, or authorized to determine the question about which the statements were made, or to speak for the petitioner on that subject. If he assumed to do so, he was clearly outside of any actual or apparent authority conferred upon him. The matter had no connection with the business about which he was engaged or for which he was employed. The evidence was properly excluded.

It is also objected that the court instructed the jury that the only person claiming compensation for the property taken or damaged was the defendant Samuel P. Wheeler. This was true, and the instruction was proper. The evidence introduced on the trial related solely to the compensation to be paid to the owner for the part of the property taken and damage to the residue. Hodgerson made no claim of any damage to his leasehold interest, and offered no evidence of any damage, or any basis from which damage could be inferred or estimated.

The judgment will be affirmed.    *Judgment affirmed.*