SOBY CONSTRUCTION, INC.,
Plaintiff/Appellant,

v.

SKJONSBY TRUCK LINE, INC.,
Defendant, Third-Party Plaintiff
and Appellee,

v.

NEW HAMPSHIRE INSURANCE COM-
PANY, Third-Party Defendant
and Appellee.

Civ. No. 9534.

Supreme Court of North Dakota.

Feb. 1, 1979.

Johnson, Milloy, Johnson, Stokes & Robinson, Wahpeton, for plaintiff and appellant; argued by A. Warren Stokes, Wahpeton.

Nilles, Hansen, Selbo, Magill & Davies, Ltd., Fargo, for defendant, third-party plaintiff and appellee; argued by Stephen W. Plambeck, Fargo.

Conmy, Feste & Bossart, Ltd., Fargo, for third-party defendant and appellee; appearance by Wickham Corwin, Fargo.

PAULSON, Justice.

This is an appeal by the plaintiff, Soby Construction, Inc. [hereinafter Soby], from a judgment entered in the Cass County District Court granting the motion of the defendant, Skjonsby Truck Line, Inc. [hereinafter Skjonsby] and the third-party defendant, New Hampshire Insurance Company, to dismiss Soby's complaint with prejudice. Soby commenced this action against Skjonsby after a Caterpillar D9 tractor [hereinafter D9 tractor] owned by Soby was damaged while being transported by Skjonsby, pursuant to an oral contract between the parties. Skjonsby subsequently commenced a third-party action against New Hampshire Insurance Company, Soby's insurer. At the close of Soby's case, the attorneys for Skjonsby and the New Hampshire Insurance Company moved that Soby's complaint be dismissed. The district court ruled that Soby had failed to prove the violation of any duty owed by Skjonsby to Soby, and the district court dismissed Soby's complaint. We affirm.

Soby is engaged in the heavy construction business. Skjonsby is engaged in the business of transporting goods, materials, and equipment for hire. On February 28, 1973, Soby contracted with Skjonsby to have Skjonsby transport a D9 tractor from an area west of Wahpeton, North Dakota, to Big Stone City, South Dakota. At the commencement of the trial, the parties stipulated as follows:

"On February 28th, 1973 Gary Hendrickson, the employee of Skjonsby Truck Lines, drove the Soby Construction caterpillar onto the back of a lowboy trailer and tied it down with four chains and two binders, two of each in front and two in back. He proceeded southeast about six miles and because of the slippery surface slid into the ditch at an angle causing the D9 tractor to break the chains and to roll over into the ditch causing damage to some extent to the D9 caterpillar."

Soby, in its complaint, sets forth the following pertinent allegations:

"4. That defendant did carelessly and improperly conduct the loading of said caterpillar D9 tractor and/or was careless and negligent in the operation of the transporting vehicle and that by defend-

ant's negligence and improper conduct, the caterpillar D9 tractor was damaged and rendered useless to your plaintiff.

"5. That because of said negligence of the defendant, plaintiff's value of his tractor diminished . . . ."

Skjonsby, in its answer, denied that it had been negligent and alleged that the accident which damaged Soby's D9 tractor was proximately caused by Soby's negligence in constructing and maintaining the road on which the accident occurred. Skjonsby further alleged that it had paid Soby's insurer, New Hampshire Insurance Company, $5,040.68 in full payment of the claim, and that New Hampshire Insurance Company had fully compensated Soby, its insured.

No evidence of Skjonsby's alleged negligence was entered in the record other than the oral stipulation entered into between the parties. At the close of Soby's case, Skjonsby's motion for a dismissal with prejudice was granted by the district court on the ground that Soby had not met its burden of proving that Skjonsby's negligence was the proximate cause of the damage to the D9 tractor. Skjonsby's third-party complaint against New Hampshire Insurance Company was also dismissed with prejudice.

The sole issue raised on appeal is:

Did the district court err in granting Skjonsby's motion for a dismissal with prejudice?

In a negligence action by a bailor against a bailee for damage to the bailed goods, the bailor has the burden of proving negligence and all other essential elements of its cause of action. *McKenzie v. Hanson,* 143 N.W.2d 697 (N.D.1966); *Farmers Home Mut. Ins. Co. v. Grand Forks Implement Co.,* 79 N.D. 177, 55 N.W.2d 315 (1952). The bailor may allege and prove specific acts of negligence by the bailee. Alternatively, the bailor may create a presumption of negligence by establishing certain essential elements of the bailment and the burden of rebutting the presumption of negligence is shifted to the bailee.

In *McKenzie, supra* 143 N.W.2d at 704, this court adopted the modern rule which allows a bailor to create a presumption of negligence by proving that a bailment for hire existed and that the bailee failed to deliver the bailed goods. This rule was followed in *Lee v. Johnson,* 154 N.W.2d 382 (N.D.1967), a case in which property of the bailor was damaged while in the control of the bailee under a bailment for mutual benefit. In *F–M Potatoes, Inc. v. Suda,* 259 N.W.2d 487, 491 (N.D.1977), we reaffirmed the rule allowing a presumption of negligence in bailment cases, but held that the presumption is only applicable in cases where the bailed goods are nonperishable.

In summary, we have held that a bailor may create a presumption of negligence by establishing that a bailment existed, that the bailor delivered to the bailee nonperishable bailed goods which would not ordinarily be damaged without negligence, and that the bailee either failed to redeliver the goods or redelivered the goods in a damaged condition. See *Lakehead Constructors, Inc. v. Roger Sheehy Co.,* 304 Minn. 175, 229 N.W.2d 514 (1975); *Columbus Jack Corp. v. Swedish Crucible Steel,* 393 Mich. 478, 227 N.W.2d 506 (1975); *Hawkeye Specialty Co. v. Bendix Corporation,* 160 N.W.2d 341 (Iowa 1968); *Jones v. O'Bryon,* 254 Iowa 31, 116 N.W.2d 461 (1962); *Buckey v. Indianhead Truck Line,* 234 Minn. 379, 48 N.W.2d 534 (1951); and *Allen v. Line,* 72 S.D. 392, 34 N.W.2d 835 (1948).

After the bailor has established a presumption of negligence against the bailee by credible evidence, the bailee must introduce evidence to rebut the presumption. The effect of a presumption is controlled by Rule 301(a) of the North Dakota Rules of Evidence, which was adopted after *McKenzie, supra,* and *Lee, supra,* had been decided. Therefore, the determinations in those cases regarding the effect of a presumption have been superseded.

Rule 301(a), N.D.R.Evid., provides:

"RULE 301—PRESUMPTIONS IN GENERAL IN CIVIL ACTIONS AND PROCEEDINGS

"*(a) Effect.* In all civil actions and proceedings not otherwise provided for by statute or by these rules, if facts giving rise to a presumption are established by credible evidence, the presumption substitutes for evidence of the existence of the fact presumed until the trier of fact finds from credible evidence that the fact presumed does not exist, in which event the presumption is rebutted and ceases to operate. A party against whom a presumption is directed has the burden of proving that the nonexistence of the presumed fact is more probable than its existence."

Once a bailor has produced credible evidence to establish a presumption that the bailee was negligent, the presumption remains in effect until the bailee proves by credible evidence that the fact presumed does not exist. *See F–M Potatoes, Inc.,* supra 259 N.W.2d at 491; *Bauer v. Graner,* 266 N.W.2d 88, 92–93 (N.D.1978).

In the present case, Soby alleged that Skjonsby had committed certain specific acts of negligence. Soby's complaint alleges that Skjonsby "did carelessly and improperly conduct the loading of said caterpillar D9 tractor and/or was careless and negligent in the operation of the transporting vehicle", which resulted in damage to the D9 tractor. At trial, Soby apparently based its proof on a presumption of negligence arising from a bailor-bailee relationship rather than on the specific acts of negligence alleged in its complaint. We must determine whether or not Soby was entitled to a presumption of negligence, even though its complaint alleged specific acts of negligence and, if so, whether or not it presented sufficient credible evidence to give rise to the presumption.

■ As a general rule in bailment or carrier cases, if the bailor alleges specific acts of negligence he must affirmatively prove negligence and cannot rely upon the bailor-bailee presumption of negligence. 8 C.J.S. *Bailments* § 50; 13 C.J.S. *Carriers* § 253½. In *Thrasher v. Greenlease-Ledterman, Inc.,* 208 Okl. 507, 257 P.2d 795, 798 (1953), the Oklahoma Supreme Court determined that:

" . . . where the bailor contends . . . that the damage resulted from the negligence of the bailee, plaintiff [bailor] could not make out a prima facie case by proof that he delivered his car to defendant for repairs and that it was not returned upon his demand. In other words, *if plaintiff alleges negligence he does not have a 'presumption' in his favor, but he must prove the case upon the tort alleged."* [Emphasis added.]

A similar view was adopted by the Colorado Supreme Court in *McKinley v. Denver & R. G. W. R. Co.,* 119 Colo. 203, 201 P.2d 905, 906 (1949), which quoted with approval from *Atlantic Coast Line R. Co. v. Georgia Packing Co.,* 164 F.2d 1, 3 (5th Cir. 1947):

"Where it appears only that goods were delivered to a carrier in good condition and that the carrier delivered them to the consignee in damaged condition, the shipper has made out a prima facie case of negligence against the carrier who must then prove the exercise by it of proper care. *But where the shipper alleges specific acts of negligence, the burden of proving such acts is upon him."* [Emphasis added.]

*Accord Roadway Express v. Gordon,* 277 P.2d 146 (Okl.1954); *Burt v. Blackfoot Motor Supply Co.,* 67 Idaho 548, 186 P.2d 498 (1947); and *Delaware Dredging Co. v. Graham,* 43 F.2d 852 (E.D.Pa.1930). *See also Oakland Meat Co. v. Railway Express Agency, Inc.,* 46 Ill.App.2d 176, 196 N.E.2d 361 (1964); *Bommer v. Stedelin,* 237 S.W.2d 225 (Ct.App.Mo.1951); and *Porter v. Izler Motor Co., Inc.,* 134 Fla. 798, 184 So. 329 (1938).

■ Under the majority rule, Soby's allegations of specific negligence in the present case would require that it affirmatively prove all elements of negligence. Furthermore, Soby would be precluded from taking advantage of the presumption of negligence that is commonly used in bailment cases. Because Soby relied upon an impermissible presumption of negligence at trial and did not affirmatively prove Skjonsby's negligence in loading the tractor or in driving

the truck, it failed to meet its burden of proof of negligence under the majority rule.

Our analysis of Soby's burden of proof is controlled by the North Dakota Rules of Civil Procedure. Rule 15(b) of the North Dakota Rules of Civil Procedure, which is especially relevant, provides:

"RULE 15. AMENDED AND SUPPLEMENTAL PLEADINGS

"(b) Amendments to Conform to the Evidence. When issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings. Such amendment of the pleadings as may be necessary to cause them to conform to the evidence and to raise these issues may be made upon motion of any party at any time, even after judgment; but failure so to amend does not affect the result of the trial of these issues. If evidence is objected to at the trial on the ground that it is not within the issues made by the pleadings, the court may allow the pleadings to be amended and shall do so freely when the presentation of the merits of the action will be subserved thereby and the objecting party fails to satisfy the court that the admission of such evidence would prejudice him in maintaining his action or defense upon the merits. The court may grant a continuance to enable the objecting party to meet such evidence."

■ Pursuant to Rule 15(b), N.D.R. Civ.P., pleadings may be amended to include issues not raised in the pleadings, when the issues are tried by the express or implied consent of the parties. Consequently, a complaint may be amended to change the theory on which the case is based by a specific motion granted by the court in its discretion, or by the introduction of evidence at trial which varies the theory of the case and which is not objected to by the opposing party.

The Commentaries to Rule 15, N.D.R. Civ.P., cite *Roberge v. Cambridge Cooperative Creamery Co.*, 243 Minn. 230, 67 N.W.2d 400 (1954), which analyzed Rule 15.-02 of the Minnesota Rules of Civil Procedure[1] and held that the trial court erred in awarding recovery on the theory of unjust enrichment where the pleadings alleged only the theory of express contract. The *Roberge* court stated, *supra* 67 N.W.2d at 403–404:

"Where a party fails to take advantage of . . . [the amendment] procedure, he is bound by the pleadings unless the other issues are litigated by consent. Clearly relief cannot be based on issues that are neither pleaded nor voluntarily litigated.

. . . . .

" . . . It is obvious that consent to try an issue outside the pleadings cannot be implied where the evidence is pertinent to issues actually made by the pleadings.

. . . . .

" . . . Litigation by consent is not to be applied artificially, but rather is to be implied where the novelty of the issues sought to be raised is reasonably apparent and the intent to try these issues is clearly indicated by failure to object or otherwise." [Emphasis added.]

Additionally, Rule 15, F.R.Civ.P.,[2] on which Rule 15, N.D.R.Civ.P., is based was analyzed at 6 Wright & Miller, *Federal Practice and Procedure*: 1493, pp. 466–467, which stated:

"Furthermore, when the evidence that is claimed to show that an issue was tried by consent is relevant to an issue already in the case, as well as to the one that is the subject matter of the amendment, and there was no indication at trial that the party who introduced the evidence was seeking to raise a new issue, the pleadings will not be deemed amended under the first portion of Rule 15(b). *The reasoning behind this view is sound since if evidence is introduced to support*

---

1. Rule 15.02, Minnesota Rules of Civil Procedure, is identical to Rule 15(b), N.D.R.Civ.P.

2. Rule 15(b), Federal Rules of Civil Procedure, is identical to Rule 15(b), N.D.R.Civ.P.

*basic issues that already have been pleaded, the opposing party may not be conscious of its relevance to issues not raised by the pleadings unless that fact is specifically brought to his attention."* [Emphasis added.]

See *Commentaries,* Rule 15, N.D.R.Civ.P.

 In the present case, Soby made no motion to amend the pleadings to change the theory of its case from one of specific negligence to one of the presumption of negligence based upon bailment. Neither did Soby present any evidence that would sufficiently notify Skjonsby that Soby was changing its theory to a presumption of negligence. The evidence presented by Soby at trial was relevant to and consistent with the specific negligence theory stated in its complaint. Consequently, it cannot be said that Skjonsby allowed an amendment of the pleadings by consent.

We conclude that Soby was not entitled to a presumption of negligence in the present case because this theory was not alleged in the pleadings, and the pleadings were not amended to include this theory, either by the express or the implied consent of the parties. We need not determine whether or not Soby introduced sufficient facts necessary to establish the presumption of negligence, had Soby been entitled to it.

The district court, at the close of Soby's case, concluded that Soby had failed to prove its case and granted the motion for a dismissal with prejudice. After considering the evidence in the light most favorable to Soby, as required by *Thompson v. Nettum,* 163 N.W.2d 91, 95–96 (N.D.1968), we cannot say that the district court abused its discretion in granting the motion to dismiss Soby's complaint, pursuant to Rule 41(b), N.D.R.Civ.P.

 Although the issue of whether or not the findings of fact were in sufficient compliance with Rule 52(a), N.D.R.Civ.P., was not argued in the briefs or in oral argument by the parties, it was raised by one of the justices in oral argument. A review of the record reveals that the district judge set forth his findings and reasons in an oral opinion and that the findings and reasons were subsequently transcribed. We conclude that the action taken by the district judge is in sufficient compliance with Rule 52(a), N.D.R.Civ.P. See *Rummel v. Rummel,* 265 N.W.2d 230 (N.D.1978).

We hold that the district court did not err in granting the motion for dismissal.

The judgment of the district court is affirmed.

ERICKSTAD, C. J., and PEDERSON, VANDE WALLE and SAND, JJ., concur.