2000 ND 160

**Arlan MANN and Laurie Mann, Plaintiffs,**

v.

**Anton "Tony" ZABOLOTNY, Bernel Zabolotny, Defendants and Appellants,**

**John Mueller, Defendant and Appellee.**

**No. 20000038.**

Supreme Court of North Dakota.

Aug. 18, 2000.

Michael J. Maus, Hardy, Maus & Nordsven, Dickinson, N.D., for defendants and appellants.

Ronald A. Reichert, Reichert & Herauf, PC, Dickinson, N.D., for defendant and appellee.

NEUMANN, Justice.

[¶ 1] Anton and Bernel Zabolotny appeal from a district court judgment awarding John Mueller $18,000 on a cross-claim for breach of contract. Concluding the trial court abused its discretion in amending the pleadings on its own motion after trial, we reverse and remand for further proceedings.

I

[¶ 2] The Zabolotnys owned a bowling alley, restaurant, and bar in Killdeer. The business was being run by Arlan and Lau-

rie Mann. On February 16, 1996, the Zabolotnys and Mueller entered into a contract for deed whereby the Zabolotnys agreed to sell the business, including the realty and inventory, to Mueller. By the terms of the contract for deed, Mueller was entitled to immediate possession of the premises. That same day, Mueller and Anton Zabolotny went to the bowling alley and Anton Zabolotny informed the Manns the business had been sold to Mueller. Mueller arranged to have the locks changed that day, and the Manns were essentially evicted from the premises.

[¶ 3] The Manns subsequently sued the Zabolotnys and Mueller for breach of contract, conversion of personal property, forcible exclusion from realty, interference with business relationship, and intentional infliction of emotional distress. The Zabolotnys counterclaimed against the Manns for breach of contract, alleging the Manns had failed to repay loans, failed to pay rent, and damaged the building. Mueller cross-claimed against the Zabolotnys, seeking indemnification for any damages assessed in favor of the Manns against him.

[¶ 4] The trial court severed the cross-claim, reserving the indemnity issue. Following a four-day trial, the jury awarded the Manns $18,600 against Mueller, and $18,600 against the Zabolotnys. The jury also awarded the Zabolotnys $10,000 on their counterclaim against the Manns. Judgments in favor of the Manns were entered accordingly, and the parties do not challenge those judgments on appeal.

[¶ 5] Following trial, Mueller moved for indemnity against the Zabolotnys. The parties filed briefs, but did not request a hearing on the motion. The court determined Mueller's claim was "more precisely one for breach of contract rather than indemnity." Citing N.D.R.Civ.P. 15(b), the court then on its own motion amended Mueller's cross-claim to allege breach of contract rather than indemnity. The Zabolotnys were given no opportunity to respond, present additional evidence, plead counterclaims, or seek a jury trial on the amended claim of breach of contract.

[¶ 6] Concluding the Zabolotnys had breached an implied covenant of quiet enjoyment under N.D.C.C. § 47–04–26, the trial court awarded judgment in favor of Mueller for $18,000, representing the Manns' damages against Mueller for conversion and forcible exclusion from realty. The court concluded the Zabolotnys were not liable to Mueller for the $600 damages awarded to the Manns against Mueller for interference with business relationship. Judgment was entered accordingly, and the Zabolotnys have appealed.

## II

[¶ 7] The trial court, by rejecting the indemnity theory and amending the pleadings to allege breach of contract, impliedly found that this was not an appropriate case for indemnity. Indemnification is a remedy which allows a party to recover reimbursement from another for the discharge of a liability which, as between them, should have been discharged by the other. *Nelson v. Johnson,* 1999 ND 171, ¶ 19 n. 3, 599 N.W.2d 246; *GeoStar Corp. v. Parkway Petroleum, Inc.,* 495 N.W.2d 61, 68 (N.D.1993); *Blackburn, Nickels & Smith, Inc. v. National Farmers Union Property and Casualty Co.,* 482 N.W.2d 600, 605 (N.D.1992); *see* N.D.C.C. § 22–02–01. We have noted that indemnity is an equitable doctrine, which is not amenable to hard and fast rules. *Nelson,* at ¶ 20; *Troutman v. Pierce, Inc.,* 402 N.W.2d 920, 924 (N.D.1987).

[¶ 8] A right of indemnity may arise by express agreement or by implication. *See GeoStar Corp.,* 495 N.W.2d at 68. There are two bases for implied indemnity, contract and tort:

When, as here, there is no express agreement creating a right to indemnification, an implied right to indemnification can still be found in either of two sets of circumstances. In one, an implied right to indemnification may be

based on the special nature of a contractual relationship between parties. This has been called an "implied contract theory" of indemnity, or an "implied in fact" indemnity. A second set of circumstances in which indemnity may be found has been called "implied in law" indemnity. This is a tort-based right to indemnification found when there is a great disparity in the fault of two tortfeasors, and one of the tortfeasors has paid for a loss that was primarily the responsibility of the other.

*Peoples' Democratic Republic of Yemen v. Goodpasture, Inc.*, 782 F.2d 346, 351 (2d Cir.1986) (citations omitted).

[¶ 9] In this case, the trial court rejected application of indemnity. On appeal, Mueller has not raised an issue challenging the trial court's refusal to award indemnity. We therefore need not address the application of implied indemnity to this case.

## III

[¶ 10] The Zabolotnys argue the trial court erred in amending the pleadings, on its own motion and without notice to the parties, to conform to the evidence. We agree.

█ [¶ 11] Rule 15(b), N.D.R.Civ.P., allows amendment of the pleadings to conform to the evidence:

If issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings. Such amendment of the pleadings as may be necessary to cause them to conform to the evidence and to raise these issues may be made upon motion of any party at any time, even after judgment; but failure so to amend does not affect the result of the trial of those issues.

Generally, the determination whether an issue was tried by the express or implied consent of the parties is a matter within the sound discretion of the trial court and

will not be reversed on appeal unless an abuse of discretion is shown. *Schumacher v. Schumacher*, 1999 ND 149, ¶ 26, 598 N.W.2d 131; *Napoleon Livestock Auction, Inc. v. Rohrich*, 406 N.W.2d 346, 357 (N.D. 1987).

█ [¶ 12] Under N.D.R.Civ.P. 15(b), a pleading may be impliedly amended by the introduction of evidence which varies the theory of the case and which is not objected to on the grounds it is not within the issues in the pleadings. *Aho v. Maragos*, 2000 ND 14, ¶ 7, 605 N.W.2d 161; *Schumacher*, 1999 ND 149, ¶ 26, 598 N.W.2d 131. However, amendment of pleadings by implication may only arise when the evidence introduced is not relevant to any issue pleaded in the case. *See Tormaschy v. Tormaschy*, 1997 ND 2, ¶ 17, 559 N.W.2d 813; *Fleck v. Jacques Seed Co.*, 445 N.W.2d 649, 652 (N.D.1989); *Soby Construction, Inc. v. Skjonsby Truck Line, Inc.*, 275 N.W.2d 336, 340–41 (N.D. 1979), *overruled on other grounds, Shark v. Thompson*, 373 N.W.2d 859, 867–69 (N.D.1985). As this Court explained in *Fleck*, at 652:

Consent to try an issue outside the pleadings cannot be implied from evidence which is relevant to the pleadings but which also bears on an unpleaded issue. *Soby Const., Inc. v. Skjonsby Truck Line, supra*, pointed this distinction out:

" '[W]hen the evidence that is claimed to show that an issue was tried by consent is relevant to an issue already in the case, as well as to the one that is the subject matter of the amendment, and there was no indication at trial that the party who introduced the evidence was seeking to raise a new issue, the pleadings will not be deemed amended under the first portion of Rule 15(b). *The reasoning behind this view is sound since if evidence is introduced to support basic issues that already have been pleaded, the opposing party may not be conscious of its relevance to issues*

*not raised by the pleadings unless that fact is specifically brought to his attention.'[Emphasis added.]"* 275 N.W.2d at 340–341 [quoting 6 Wright & Miller, Federal Practice and Procedure: Civil § 1493, at pp. 466–467 (1971) ].

Consent to try an unpleaded issue cannot be inferred from the lack of objection to evidence on one pleaded.

[¶ 13] Accordingly, amendment by implication under N.D.R.Civ.P. 15(b) is limited to situations "where the novelty of the issues sought to be raised is reasonably apparent and the intent to try these issues is clearly indicated by failure to object or otherwise." *Soby Construction*, 275 N.W.2d at 340 (quoting *Roberge v. Cambridge Cooperative Creamery Co.*, 243 Minn. 230, 67 N.W.2d 400, 404 (1954)). Furthermore, the trial court should not permit amendment to include collateral issues for which there is only incidental support in the record. *Napoleon Livestock*, 406 N.W.2d at 357.

[¶ 14] In this case, neither the trial court nor Mueller has drawn our attention to the introduction of any evidence which is relevant only to breach of contract and not to other issues pleaded in the case. In fact, in his brief on appeal Mueller concedes that "[t]he facts supporting indemnity and contractual relief are for all practical purposes identical." Nor does

Mueller show how the relevance of any evidence was brought to the Zabolotnys' attention so as to put them on notice of a change in Mueller's theory of the case. Under similar circumstances, this Court concluded in *Soby Construction*, 275 N.W.2d at 341:

In the present case, Soby made no motion to amend the pleadings to change the theory of its case from one of specific negligence to one of the presumption of negligence based upon bailment. Neither did Soby present any evidence that would sufficiently notify Skjonsby that Soby was changing its theory to a presumption of negligence. The evidence presented by Soby at trial was relevant to and consistent with the specific negligence theory stated in its complaint. Consequently, it cannot be said that Skjonsby allowed an amendment of the pleadings by consent.

Additionally, the Zabolotnys point out that, had they been aware of a pending breach of contract claim, they would have presented evidence on the issue, pleaded a counterclaim against Mueller for his alleged breach of the contract, and sought a jury trial. *See Fleck*, 445 N.W.2d at 653.

[¶ 15] Under these circumstances, the trial court abused its discretion in amending the pleadings to allege a breach of contract claim.[1] We reverse the judgment

---

1. We note the trial court based its finding of a breach of contract in part on its conclusion that "[i]n all contracts granting an estate in real property certain 'covenants running with the land' are added by N.D.C.C. 47–04–26, which includes a covenant for 'quiet enjoyment.' " The trial court misconstrued N.D.C.C. § 47–04–26. That statute does not require that every transfer of property must include a covenant of quiet enjoyment, but merely provides that, if such a covenant is included in a grant, it runs with the land. Section 47–10–19, N.D.C.C., specifies the covenants which are automatically implied in a "grant," and does not include a covenant of quiet enjoyment. Furthermore, N.D.C.C. § 47–10–03 provides:

   *Agreement to give usual covenants on sale—Duty imposed.* An agreement on the

part of a seller of real property to give the usual covenants binds the seller to insert in the grant covenants of seizin, quiet enjoyment, further assurance, general warranty, and against encumbrances.

If, as Mueller argues, every grant and every contract for deed included a covenant of quiet enjoyment, inclusion of a covenant of quiet enjoyment in this statute would be superfluous.

A further problem with the trial court's interpretation is that a contract for deed is merely an agreement to later deliver a grant by deed upon full performance by the buyer. *See* N.D.C.C. §§ 47–09–05, 47–09–06, 47–09–07, and 47–09–16. In fact, it appears that, not only is there not an automatic covenant of quiet enjoyment in every contact for deed, but a vendee under a contract for deed is not entitled to possession of the land until full

awarding damages against the Zabolotnys based upon the court's amendment of the pleadings under N.D.R.Civ.P. 15(b) and remand for further proceedings. Upon remand the court may entertain a motion to amend the pleadings under N.D.R.Civ.P. 15(a), with the Zabolotnys to have an opportunity to file responsive pleadings, including counterclaims, present additional evidence, and seek a jury trial.

[¶ 16] GERALD W. VANDE WALLE, C.J., MARY MUEHLEN MARING, CAROL RONNING KAPSNER, DALE V. SANDSTROM, JJ., concur.

performance unless the contract provides for possession. *See Olson v. Brodell,* 128 N.W.2d 169, 176–77 (N.D.1964); *Lee v. Shide,* 69 N.D. 541, 544, 288 N.W. 556, 557 (1939); 77 Am. Jur.2d *Vendor and Purchaser* § 355 (1997); 92A C.J.S. *Vendor and Purchaser* § 446 (2000).