# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

2019 ND 41

Larry Schindler, Julie Schindler
a/k/a Judy Schindler, and
Estate of Eugene Weisbeck,                    Plaintiffs and Appellants

     v.

Richard D. Wageman,                           Defendant and Appellee

     and

all other Persons unknown or
claiming an Estate of interest therein,       Defendants

No. 20180024

Appeal from the District Court of Morton County, South Central Judicial District, the Honorable Gail Hagerty, Judge.

REVERSED AND REMANDED.

Opinion of the Court by Jensen, Justice.

Garrett D. Ludwig, Mandan, ND, for plaintiffs and appellants.

Malcolm H. Brown, Bismarck, ND, for defendants and appellees.

**Jensen, Justice.**

[¶1]    Larry and Julie Schindler and the estate of Eugene Weisbeck ("the Estate") appeal from a judgment dismissing their action to reform warranty deeds and quiet title in themselves to certain Morton County property.  Because we cannot determine whether the district court correctly applied the law, we reverse and remand this case for further proceedings.

I

[¶2]    In November 1981, Richard Wageman's parents, Arthur and Doris Wageman, entered into a contract for deed to sell to Julie Schindler's father, Eugene Weisbeck, a portion of a quarter section of Morton County property described in part as "lying North of the service road" and "being eleven (11) acres more or less."  The contract for deed listed the purchase price as $70,000.  On the same day, the Schindlers entered into a lease agreement with Weisbeck in which they agreed to rent to own the property that was the subject of the contract for deed.  The property described in the lease was identical to the legal description in the contract for deed and the purchase price listed in the lease was also $70,000.  The Schindlers made the payments on the contract for deed between the Wagemans and Weisbeck.

[¶3]    In order to obtain a loan to pay off the balance owed on the contract for deed, the Schindlers were required by the lender to have the land surveyed because the land subject to the loan had to be less than 10 acres.  The Schindlers had platted a 9.99 acre parcel of the property which was described as "Auditor's Lot 'A'" ("Lot A").  Lot A did not include 5.43 acres, which the parties refer to as "Outlot 'B'" ("Lot B"), that comprises the remainder of the property described in the contract for deed.  In August 1993, after the contract for deed had been satisfied, Doris Wageman executed a warranty deed conveying to Weisbeck only Lot A "in fulfillment of Contract for Deed."  The deed listed the consideration as $70,000.  On the same day, Weisbeck

1

executed a warranty deed conveying to the Schindlers only Lot A. The deed listed the consideration as $57,000. In February 2001, Richard Wageman also executed a warranty deed to the Schindlers conveying only Lot A to assist them in refinancing a mortgage.

[¶4] After learning they were not considered the owners of Lot B, the Schindlers and the Estate brought this action to reform the warranty deeds and quiet title to both Lot A and Lot B in conformity with the 1981 contract for deed. Following a trial, the district court found the "Schindlers have not met the burden of proving the parties to the contract for deed and the warranty deed conveying Auditor's Lot 'A' to Eugene Weisbeck did not correctly state the intention of the parties to those documents," and dismissed the action.

## II

[¶5] The Schindlers and the Estate seek to reform the warranty deeds to match the property description in the 1981 contract for deed. They contend, in part, that the district court misapplied the law in determining their cause of action seeking to reform the warranty deeds should be dismissed.

[¶6] Section 32-04-17, N.D.C.C., provides for reformation of written instruments:

> When, through fraud or mutual mistake of the parties, or a mistake of one party which the other at the time knew or suspected, a written contract does not truly express the intention of the parties, it may be revised on the application of a party aggrieved so as to express that intention so far as it can be done without prejudice to rights acquired by third persons in good faith and for value.

[¶7] In *George v. Veeder*, 2012 ND 186, ¶ 13, 820 N.W.2d 731, we explained:

> "'The party seeking reformation of a written instrument must establish by clear and convincing evidence that the document does not state the parties' intended agreement.'" *Arndt [v. Maki]*, 2012 ND 55, ¶ 12, 813 N.W.2d 564 (quoting *Johnson [v. Hovland]*, 2011 ND 64, ¶ 12, 795 N.W.2d 294). In considering whether to grant the high remedy of reformation of a written instrument, "courts should exercise great caution and require a high degree of proof, *especially when death has sealed the lips of the original parties or a party.*" *Spitzer v. Bartelson*, 2009 ND 179, ¶ 24, 773 N.W.2d 798 (quotations omitted). A court should grant reformation "'only upon the certainty of error.'" *Id.* at ¶

2

24 (quoting *Ell v. Ell*, 295 N.W.2d 143, 150 (N.D. 1980)). Parol evidence is admissible in a reformation action on the grounds of fraud or mutual mistake of the parties. *Arndt*, at ¶ 12; *Johnson*, at ¶ 12. "A mutual mistake that will justify reformation requires that, at the time of the execution of the agreement, both parties intended to say something different from what was said in the document." *Arndt*, at ¶ 12 (quotations omitted).

In reformation cases, a presumption arises from the terms of the instrument that it correctly expresses the true agreement and intention of the parties. *See Van Berkom v. Cordonnier*, 2011 ND 239, ¶ 11, 807 N.W.2d 802. The mere discrepancy between a contract for deed and a deed is insufficient to demonstrate the deed was signed in error. *See In re Estate of Vaage*, 2016 ND 32, ¶ 25, 875 N.W.2d 527; *Van Berkom*, at ¶ 13; *Spitzer*, at ¶ 28.

[¶8] Whether a contract contains a mistake sufficient to support a claim for reformation is a question of fact which will not be reversed on appeal unless it is clearly erroneous under N.D.R.Civ.P. 52(a). *See Motter v. Traill Rural Water Dist.*, 2017 ND 267, ¶ 10, 903 N.W.2d 725. A finding of fact is clearly erroneous if it is induced by an erroneous view of the law, if there is no evidence to support it, or if an appellate court is left with a definite and firm conviction a mistake has been made. *See Freidig v. Weed*, 2015 ND 215, ¶ 13, 868 N.W.2d 546.

[¶9] The Wagemans and Eugene Weisbeck are deceased. The parties agree the contract for deed includes all of the property described as Lots A and B, and further agree the warranty deeds only include the property described as Lot A. It is undisputed that Richard Wageman paid the property taxes on Lot B during the relevant time period. The warranty deed between Weisbeck and the Schindlers lists the consideration as $57,000 rather than the $70,000 stated in the contract for deed. Other than the discrepancy between the contract for deed and the warranty deed, the Schindlers rely on Larry Schindler's testimony that he "walked" their property with Arthur Wageman and their walk encompassed both Lot A and Lot B. However, Richard Wageman testified his parents' intent was to sell only the ten acres

3

comprising Lot A, and although the Schindlers offered to purchase Lot B from him, he declined the offer because he wanted his son to have the property.

[¶10]   The Schindlers and the Estate are seeking to reform the warranty deeds.  The Schindlers and the Estate assert the district court misapplied the law by requiring them to provide clear and convincing evidence the contract for deed did not state the parties' agreement, rather than requiring them to provide clear and convincing evidence the warranty deeds did not correctly state the parties' agreement.

[¶11]   There are at least two statements within the district court's decision that incorrectly state how the law applies to this case.  The first statement appears in the analysis section of the district court's decision and reads as follows:  "The Schindlers must establish by clear and convincing evidence that the contract for deed does not state the parties['] intended agreement."  That statement misstates the law by directing the inquiry about the parties' intent to the contract for deed rather than the warranty deeds.  The second statement appears in the concluding paragraph of the district court's decision and reads as follows:  "The Schindlers have not met the burden of proving the parties to the contract for deed and the warranty deed conveying Auditor's Lot 'A' to Eugene Weisbeck did not correctly state the intention of the parties to those documents."   The second statement misstates the law by again directing the inquiry about the parties' intent to the contract for deed.

[¶12]   We agree with the Schindlers and the Estate that the district court misstated how the law applied to this case.  We also note that the district court's decision is devoid of a correct statement of the law; that the Schindlers were required to provide clear and convincing evidence showing the warranty deeds did not correctly state the parties' intent.  Further support for the Schindlers' and the Estate's argument is provided by the following statement in the district court's decision:  "While there may be an argument that the contract for deed leaves open the possibility it could be interpreted to include not only what was later platted as Auditor's Lot 'A,' but also Auditor's Lot 'B,' the subsequent documents weighed against such an argument."  That statement is contrary to the parties' agreement that the contract for deed

4

unambiguously included the property described in both Lot A and Lot B, and supports a conclusion that the district court had improperly directed its attention toward determining whether there was clear and convincing evidence that the contract for deed did not state the parties' intent rather than determining if there was clear and convincing evidence that the warranty deeds do not reflect the parties' intent. While it is possible that the above statements were inadvertent mistakes, in the absence of any correct statement of how the law applies to this case, we are compelled to remand this case to the district court.

III

[¶13] The Schindlers and the Estate argue the district court erred in failing to consider their alternative argument, made in a post-trial brief, that they acquired Lot B under the doctrine of acquiescence. The Schindlers and the Estate acknowledge this ground for relief was not specifically pled in their complaint, so we assume they argue that acquiescence was tried by the implied consent of the parties. *See, e.g., Mann v. Zabolotny*, 2000 ND 160, ¶¶ 12-13, 615 N.W.2d 526. "The doctrine of acquiescence allows a property owner to acquire neighboring property due to an honest mistake over the location of the boundary line." *Brown v. Brodell*, 2008 ND 183, ¶ 9, 756 N.W.2d 779. Acquiescence is a "sister doctrine" of adverse possession, and the doctrines are conceptually similar and share some of the same elements. *Sauter v. Miller*, 2018 ND 57, ¶¶ 11, 16, 907 N.W.2d 370.

[¶14] At the beginning of the trial in this case, Wageman's attorney noted for the record that the Schindlers and the Estate had withdrawn their pled claim of adverse possession. At the end of the trial, Wageman's attorney objected to a question about taxes and the attorney for the Schindlers and the Estate assured him "[i]t's not for adverse possession purposes." Consent to try an issue outside the pleadings cannot be implied from evidence which is relevant to the pleadings but which also bears on an unpled issue. *See Mann*, 2000 ND 160, ¶ 12, 615 N.W.2d 526. There is no basis on this record to imply any consent on the part of Wageman to a trial on an unpled

5

claim of acquiescence, when that issue is similar to the withdrawn claim of adverse possession.

IV

[¶15] The district court misstated how the law applies to this case. We reverse the judgment and remand the case to the district court for a determination of whether there is clear and convincing evidence that the warranty deeds do not correctly state the parties' intent.

[¶16]   Jon J. Jensen
        Jerod E. Tufte
        Daniel J. Crothers
        Gerald W. VandeWalle, C.J.

**McEvers, Justice, concurring in part and dissenting**.

[¶17] I agree with the majority that the district court did not err by not addressing the Schindlers and the Estate's argument on acquiescence as set forth in part III of the majority opinion. I also agree with much of the majority's analysis in part II. Where I part ways is in reversing the court based on a perceived misapplication of the law.

[¶18] The Schindlers and the Estate brought this action to reform the warranty deeds and quiet title to both Lot A and Lot B in conformity with the 1981 contract for deed. Following a trial, the district court found the "Schindlers have not met the burden of proving the parties to the contract for deed *and the warranty deed* conveying Auditor's Lot 'A' to Eugene Weisbeck did not correctly state the intention of the parties to those documents," and dismissed the action. (Emphasis added.)

[¶19] The Schindlers presented no evidence to show a mistake in the legal description of the property conveyed that would foreclose the possibility that the Wagemans and Weisbeck changed their minds about the amount of the property to be conveyed by the warranty deed. The district court explained:

> In 1993, Ms. Schindler's father had the property platted and Auditor's Lot "A" was identified. On August 19, 1[99]3, Doris Wageman conveyed that specific parcel to Mr. Weisbeck in a document that referenced the contract for deed. Mr. Weisbeck must have been familiar with the plat and with portions referred to as Auditor's Lot "A" and Auditor's Lot "B." In fact, Mr. Weisbeck conveyed Auditor's Lot

6

"A" to the Schindlers. Mr. Wageman later signed a *warranty deed* conveying Auditor's Lot "A" to the Schindlers, although the parties do not recall why the document was prepared.

The Schindlers have not met the burden of proving the parties to the contract for deed and the *warranty deed* conveying Auditor's Lot "A" to Eugene Weisbeck did not correctly state the intention of the parties to those documents.

(Emphasis added.)

[¶20] The Schindlers and the Estate argue the district court's decision was induced by an erroneous view of the law because the court stated that they "must establish by clear and convincing evidence that the contract for deed does not state the parties['] intended agreement." It appears the court's reference to the contract for deed was an inadvertent misstatement because the court clearly recognized in its opinion that the Schindlers requested "reform[ation of] the *warranty deeds* in this matter to convey both Auditor's Lot 'A' and an additional piece of property platted as Auditor's Lot 'B' to the Schindlers." (Emphasis added.) I agree with the majority that the court made some misstatements in its analysis. However, I am satisfied that the court's decision was not induced by an erroneous view of the law. Even if the court applied the wrong analysis, the result would be the same based on the lack of evidence to show a mistake was made in conveying the property. Where the court comes to the correct conclusion, it will not be disturbed because it gives an incorrect reason for its decision. *Heinzeroth v. Bentz*, 116 N.W.2d 611, 616 (N.D. 1962).

[¶21] I would conclude the district court's finding that the Schindlers failed to establish by clear and convincing evidence there was a mistake in the property description in the warranty deeds is not clearly erroneous and would affirm the judgment.

[¶22] Lisa Fair McEvers