2015 ND 76

**Bradley Dean JORDET, Plaintiff and Appellant**

v.

**Tracy Lyndal JORDET, and Brazil Law Office, PLLC, Defendants**

**Brazil Law Office, PLLC, Appellee.**

No. 20140221.

Supreme Court of North Dakota.

March 24, 2015.

Jonathan T. Garaas, Fargo, N.D., for plaintiff and appellant.

Melinda H. Weerts, Fargo, N.D., for defendant and appellee Brazil Law Office, PLLC; submitted on brief.

VANDE WALLE, Chief Justice.

[¶ 1]  Bradley Jordet appealed from a summary judgment dismissing his abuse of process and conversion claims against Tracy Jordet and the Brazil Law Office.  We conclude the district court did not err in dismissing the abuse of process claim but there are genuine issues of material fact related to Bradley Jordet's conversion claim.  We affirm the dismissal of the abuse of process claim, and we reverse the dismissal of the conversion claim and remand.

I

[¶ 2]  Bradley and Tracy Jordet were divorced in 2010.  Bradley Jordet was awarded primary residential responsibility for the parties' two children and Tracy Jordet was ordered to pay child support.  Bradley Jordet was ordered to pay Tracy Jordet rehabilitative spousal support.  Both parties fell into arrears on their financial obligations to each other.

[¶ 3] In December 2011, Bradley Jordet moved for entry of a money judgment against Tracy Jordet for $9,071.78 in past due child support. He also moved to setoff his spousal support arrearages against Tracy Jordet's child support arrearages. In January 2012, Tracy Jordet obtained a money judgment against Bradley Jordet for $7,715.49 for his spousal support arrearages. She also opposed Bradley Jordet's motion for a setoff. The district court denied Bradley Jordet's motion to setoff the arrearages.

[¶ 4] On February 16, 2012, Bradley Jordet obtained an execution of judgment from the district court against Tracy Jordet directing the Cass County Sheriff to satisfy the $9,071.78 judgment for unpaid child support "out of the personal property of the judgment debtor within your County." On February 17 and 21, 2012, the sheriff levied on Tracy Jordet's bank accounts. On March 26, 2012, Bradley Jordet, accompanied by his attorney, Jonathan Garaas, and a Cass County deputy sheriff, went to the office of Tracy Jordet's attorney, the Brazil Law Office. Bradley Jordet gave the firm's office assistant a personal check, made payable to Tracy Jordet's attorney for $7,825.89 and marked "Back Spousal Support." The sheriff then delivered a notice of levy to the office assistant and took possession of the check. The notice of levy stated that claims for exemptions from process must be made within 10 days. Tracy Jordet did not claim any exemptions.

[¶ 5] On March 26, 2012, Tracy Jordet objected to the notice of levy and sought an emergency hearing. She asked the district court to hold Garaas in contempt "for attempting to circumvent" the earlier order denying the motion to allow a setoff. After a hearing, the court held Garaas in contempt for intentional disobedience of a court order and ordered that Garaas may purge the contempt by turning over the $7,825.89 check, which was levied upon on March 26, 2012.

[¶ 6] The Cass County deputy sheriff submitted an execution return showing, after payment of fees, he had collected $8,290.30 for Tracy Jordet's child support obligation. A partial satisfaction of Bradley Jordet's child support judgment against Tracy Jordet in that amount was filed with the district court.

[¶ 7] Tracy Jordet initiated garnishment proceedings against Bradley Jordet to enforce the spousal support judgment, and his employer withheld funds from his paycheck. Tracy Jordet did not issue a satisfaction of judgment after Bradley Jordet gave the check for the full amount of the spousal support judgment to the Brazil Law Office on March 26, 2012. Bradley Jordet sent letters to Tracy Jordet and the Brazil Law Office requesting a satisfaction of judgment.

[¶ 8] Bradley Jordet and Garaas appealed from the order denying Bradley Jordet's motion to allow him to setoff the spousal support and child support arrearages and the order holding Garaas in contempt. In *Jordet v. Jordet*, 2012 ND 231, ¶ 1, 823 N.W.2d 512, this Court held the district court did not abuse its discretion in denying the motion for a setoff, but the court abused its discretion in holding Garaas in contempt.

[¶ 9] On April 25, 2012, while the appeal was pending, Bradley Jordet sued Tracy Jordet and the Brazil Law Office for abuse of process and conversion in a separate action. Bradley Jordet alleged he paid the judgment for the spousal support arrearages in full on March 26, 2012, Tracy Jordet refused to issue a satisfaction of judgment, the garnishment proceedings were improper, and his employer withdrew funds from his paycheck and paid the funds to the Brazil Law Office.

[¶ 10]   All three parties moved for summary judgment.   After a hearing, the district court granted summary judgment to Tracy Jordet and the Brazil Law Office, dismissing Bradley Jordet's claims.

## II

[¶ 11]   The standard for reviewing a summary judgment is well-established:

> Summary judgment is a procedural device for promptly resolving a controversy on the merits without a trial if there are no genuine issues of material fact or inferences that can reasonably be drawn from undisputed facts, or if resolving factual disputes will not alter the result.   A party seeking summary judgment bears the initial burden of showing there is no genuine dispute regarding the existence of a material fact.   When a motion for summary judgment is properly made and supported, an opposing party may not rely merely on allegations or denials in its own pleading[.]   Rather, the party resisting the motion must set forth specific facts by presenting competent, admissible evidence, whether by affidavit or by directing the court to relevant evidence in the record, demonstrating a genuine issue of material fact.

> Whether the district court properly granted summary judgment is a question of law which we review de novo on the entire record.   On appeal, we decide whether the information available to the district court precluded the existence of a genuine issue of material fact and entitled the moving party to judgment as a matter of law.   We view the evidence in the light most favorable to the opposing party and give the opposing party the benefit of all favorable inferences which can be reasonably drawn from the record.

*Hale v. Ward Cnty.*, 2014 ND 126, ¶ 7, 848 N.W.2d 245 (quoting *Hale v. Ward Cnty.*, 2012 ND 144, ¶¶ 12–13, 818 N.W.2d 697).

## III

[¶ 12]   Bradley Jordet argues the district court erred in granting summary judgment dismissal of his conversion claim. He contends the garnishment proceedings were not properly initiated, garnishment must cease when the underlying judgment has been paid in full, and the garnishment proceedings continued after the spousal support judgment was paid in full on March 26, 2012.   He asserts there are genuine issues of material fact and summary judgment was not appropriate.

[¶ 13]   Whether a conversion has been committed is a finding of fact. *Buri v. Ramsey*, 2005 ND 65, ¶ 13, 693 N.W.2d 619.   Conversion is the " 'tortious detention or destruction of personal property, or a wrongful exercise of dominion or control over the property inconsistent with or in defiance of the rights of the owner.' " *Id.* at ¶ 14 (quoting *Ritter, Laber and Assoc., Inc. v. Koch Oil, Inc.*, 2004 ND 117, ¶ 11, 680 N.W.2d 634).   The gist of a conversion is in wrongfully depriving the owner of property, whether temporarily or permanently. *Buri*, at ¶ 14.   Whether the converter received any benefit from the deprivation is of little relevance. *Id.* "Conversion does not require bad intent on the part of the converter, but only an intent to control or interfere with an owner's rights to use to an actionable degree." *Id.*

[¶ 14]   The Brazil Law Office does not dispute that Bradley Jordet gave its office assistant a check for the full amount of the spousal support judgment on March 26, 2012.   However, it contends the legal proceedings were still pending and Bradley Jordet's wages were garnished based on a facially valid writ of execution to collect a facially valid judgment in favor of Tracy

Jordet for the spousal support arrearages. The law office claims all of its actions were taken pursuant to valid court orders and judgments, and therefore the actions were privileged and provide no basis for a conversion claim.

[¶ 15] In granting summary judgment and dismissing the conversion claim, the district court found as a matter of law there was no wrongful exercise of dominion over the money received through the garnishment. The court said it had already ruled Bradley Jordet was not entitled to offset his support obligation, its ruling was affirmed on appeal, and "[t]herefore, Tracy's judgment for back spousal support was never satisfied on March 26, 2012. What Bradley attempted to do was a nullity." The court found all of the garnished wages were held in the law office's trust account and were returned to Bradley Jordet after Tracy Jordet and the law office learned the state disbursement unit had credited Tracy Jordet's child support account in the appropriate amount on April 2, 2013.

[¶ 16] In *Jordet*, 2012 ND 231, ¶ 14, 823 N.W.2d 512, this Court held the district court did not abuse its discretion in denying Bradley Jordet's motion for an equitable offset because there was no clear precedent addressing whether spousal support arrearages could be used to offset child support arrearages and the court did not act arbitrarily, unreasonably, or unconscionably. However, we also held the court abused its discretion in holding Garaas in contempt for his actions using the execution and levy provisions of state law to attempt to enforce the child support judgment on March 26. *Id.* at ¶ 21. We said execution and levy was one remedy to enforce the child support order, and we further explained Bradley Jordet and Garaas's actions may have been somewhat theatrical but there was no allegation they

violated statutory provisions governing execution and levy. *Id.* at ¶¶ 18–19. We also rejected Tracy Jordet's argument that levying on Bradley Jordet's check for spousal support arrearages was an attempt to "circumvent" the district court's order denying Bradley Jordet's request for an equitable offset, stating that reasoning would prevent Bradley Jordet from levying upon any of Tracy Jordet's property traceable to the proceeds of the spousal support check and would elevate the spousal support proceeds to an absolute exemption. *Id.* at ¶ 19. We said the district court's order did not declare that Bradley Jordet was prohibited from using other available remedies to enforce the child support obligation, he chose to use execution and levy to attempt to enforce Tracy Jordet's child support obligation, and the order did not prohibit his actions. *Id.* at ¶ 20.

[¶ 17] The two judgments are separate for enforcement purposes and Bradley Jordet may use execution and levy to enforce the child support judgment. Bradley Jordet presented evidence that he went to the Brazil Law Office with his attorney and a sheriff's deputy on March 26, 2012, gave the office assistant a check for the entire amount of the spousal support judgment, the sheriff delivered a notice of levy and took possession of the check, and a partial satisfaction of judgment was entered for Tracy Jordet's child support arrearages, which included the funds Bradley Jordet paid by check for the spousal support arrearages. He also presented evidence his wages were garnished in the amount of the spousal support judgment, the Brazil Law Office held the garnished funds after he paid the entire amount of the judgment on March 26, 2012, and the garnished funds were not returned until April 2013.

[¶ 18] Bradley Jordet presented evidence establishing a genuine issue of material fact about whether he was wrongfully deprived of his property. We conclude the district court erred in granting Tracy Jordet and the Brazil Law Office's motions for summary judgment and dismissing Bradley Jordet's claim for conversion. We reverse the summary judgment on this claim and remand for further proceedings.

## IV

[¶ 19] Bradley Jordet argues the district court erred in granting summary judgment dismissal of his abuse of process claim. He contends Tracy Jordet and the Brazil Law Office cannot use the garnishment process for a non-existent indebtedness and garnishment was not possible because there was not a valid judgment. He claims he was not personally served with garnishment summons as N.D.C.C. § 32–09.1–08(3) requires and there was no jurisdiction to proceed with the garnishment action without proper service.

[¶ 20] Abuse of process occurs when a person uses a legal process, whether criminal or civil, against another primarily to accomplish a purpose for which it is not designed. *Stoner v. Nash Finch, Inc.*, 446 N.W.2d 747, 751 (N.D. 1989). There are two essential elements for an abuse of process claim: (1) an ulterior purpose, and (2) a willful act in the use of the process not proper in the regular conduct of the proceeding. *Id.* We have said:

> Some definite act or threat not authorized by the process, or aimed at an objective not legitimate in the use of the process, is required; and there is no liability where the defendant has done nothing more than carry out the process to its authorized conclusion, even though with bad intentions. The improper purpose usually takes the form of coercion to obtain a collateral advantage, not properly involved in the proceeding itself, such as the surrender of property or the payment of money, by the use of the process as a threat or a club. There is, in other words, a form of extortion, and it is what is done in the course of negotiation, rather than the issuance or any formal use of the process itself, which constitutes the tort.

*Id.* (quoting Prosser and Keeton, *The Law of Torts* § 121, at p. 898 (5th ed.1984)). Abuse of process focuses on the purpose behind the use of legal process and the misuse of the legal process to accomplish a result other than what the process was designed to accomplish. *Volk v. Wisconsin Mortg. Assur. Co.*, 474 N.W.2d 40, 43 (N.D.1991).

[¶ 21] The district court granted summary judgment on the abuse of process claim, ruling there were no genuine issues of material fact and Bradley Jordet did not offer any evidence the Brazil Law Office or Tracy Jordet used the garnishment process for an ulterior or improper purpose. The record supports the district court's decision. Bradley Jordet did not present any evidence raising an inference that Tracy Jordet or the law office used the process for an ulterior purpose or to obtain a collateral advantage. " 'When no pertinent evidence on an essential element is presented to the district court in opposition to a motion for summary judgment, it is presumed no such evidence exists.' " *McColl Farms, LLC v. Pflaum*, 2013 ND 169, ¶ 28, 837 N.W.2d 359 (quoting *Schmitt v. MeritCare Health Sys.*, 2013 ND 136, ¶ 8, 834 N.W.2d 627). We affirm the summary judgment dismissing Bradley Jordet's abuse of process claim.

## V

[¶ 22] Bradley Jordet argues Tracy Jordet and the Brazil Law Office's plead-

ings are frivolous and untruthful because they denied each and every allegation contained in his complaint, it is impossible to deny every allegation, and they should be sanctioned for violations of N.D.R.Civ.P. 11 and N.D.C.C. § 28–26–31. The Brazil Law Office contends the district court did not address this issue because Bradley Jordet informed the court at an October 28, 2013, hearing that his request for sanctions could be dismissed as a matter of law.

[¶ 23] On June 6, 2012, Bradley Jordet moved for sanctions under N.D.R.Civ.P. 11. At an October 28, 2013, hearing, the district court asked attorney Garaas whether he planned to make any dispositive motions, Garaas said the conversion issue would probably have disputes and the court agreed it was an issue of fact, and Garaas stated, "As a matter of law, the sanction on the motions probably could be done." He did not request the court dismiss the motion. On February 28, 2014, the Brazil Law Office moved for summary judgment and asked the court to dismiss the motion for sanctions. The court did not address the motion for sanctions in its order granting summary judgment. The district court may consider Bradley Jordet's motion for sanctions on remand.

## VI

[¶ 24] We have considered the remaining issues and arguments and find they are unnecessary to our decision or are without merit. We conclude there are genuine issues of material fact related to Bradley Jordet's conversion claim. We affirm the summary judgment dismissing Bradley Jordet's abuse of process claim, but we reverse the summary judgment dismissing his conversion claim and remand for further proceedings consistent with this opinion.

[¶ 25] CAROL RONNING KAPSNER, LISA FAIR McEVERS, DANIEL J. CROTHERS and DALE V. SANDSTROM, JJ., concur.