2016 ND 137

**Roland RIEMERS, Plaintiff and Appellant**

v.

**Heidee HILL, Jason D. Hill, Hannah Hill, Ashley Roesler, and Hailey Marie Hill, Defendants and Appellees.**

**No. 20150276.**

Supreme Court of North Dakota.

June 30, 2016.

626

Jonathan T. Garaas, Fargo, N.D., for plaintiff and appellant.

Timothy C. Lamb, Grand Forks, N.D., for defendants and appellees; submitted on brief.

VANDE WALLE, Chief Justice.

[¶ 1] Roland Riemers appealed from a judgment awarding him $8,245.87 from Heidee Hill for unpaid rent and property damage and ordering him to pay Ashley Roesler $10,164 for abuse of process. We conclude the district court erred in granting summary judgment on the liability is-

sue of the abuse-of-process claim. We affirm in part and reverse the summary judgment on liability for the abuse-of-process claim and remand for further proceedings on that claim.

I

[¶ 2] In August 2013, Riemers sued Heidee Hill, her husband, Jason Hill, and her three children, Hannah Hill, Ashley Roesler, and Hailey Marie Hill, for unpaid rent for July and August 2013, late fees, property damage, and punitive damages arising out of a lease agreement signed by Heidee Hill for a house in Emerado. Only Heidee Hill signed the lease agreement, but Heidee and Jason Hill were both identified as applicants on the agreement and the three children were listed as "others who will be sharing the house."

[¶ 3] The Hill family moved to dismiss Riemers' complaint for failure to state a claim and sought attorney fees. They asserted the property was uninhabitable and had been condemned by the Grand Forks Public Health Department in July 2013. They also counterclaimed for abuse of process, alleging Riemers' claims for unpaid rent and property damage were "so outrageous and ridiculous" to rise to the level of abuse of process. They claimed that despite the property being condemned in July 2013, Riemers sued them for structural damage to the house that was clearly Riemers' responsibility and Riemers had an ulterior motive to harass and embarrass them with a lawsuit void of any factual or legal basis.

[¶ 4] Riemers requested a hearing on the Hill family's motion to dismiss, and a scheduled hearing was continued at the Hill family's request. Riemers rescheduled the hearing for December 5, 2013, but he did not appear at that hearing, and the district court dismissed his complaint with-

out prejudice. The Hill family submitted an affidavit requesting $3,300 in attorney fees for defending Riemers' action, including $900 for preparation and attendance at the December 5 hearing. The court said Riemers "did not show for the hearing he noticed" and ordered him to pay the Hill family $500 in attorney fees. The court denied Riemers' request for a rehearing, stating the dismissal without prejudice was based upon Riemers' "non-appearance." This Court dismissed Riemers' appeal from the dismissal because the Hill family's unresolved counterclaim precluded immediate appellate review and the dismissal was without prejudice. *Riemers v. Hill*, 2014 ND 80, ¶¶ 7–9, 845 N.W.2d 364.

[¶ 5] The district court thereafter denied Riemers' motions to compel discovery and to vacate the dismissal of his complaint without prejudice. The court also denied the Hill family's motion for a default judgment on their counterclaim for abuse of process, but granted them partial summary judgment on the issue of liability. The court said the Hill family provided facts supporting their claim for abuse of process and Riemers failed to adequately respond to the summary judgment motion with affidavits or other admissible evidence. The court explained, however, disputed factual issues remained on the issue of damages and denied the Hill family summary judgment on damages.

[¶ 6] In October 2014, Riemers refiled his complaint against the Hill family for unpaid rent, late fees, property damage, and punitive damages arising out of the lease agreement. The Hill family answered, denying liability for unpaid rent, late fees, and damages. The Hill family also counterclaimed, alleging Riemers willfully filed the 2013 lawsuit despite the report declaring the property uninhabitable and his lawsuit resulted in Ashley Roesler being denied housing assistance and having to procure more expensive rental housing.

[¶ 7] The district court consolidated the 2013 and 2014 lawsuits for all matters after "all the parties ... indicated their agreement to consolidation." The court again denied Riemers' motion to compel discovery. At a bench trial, Riemers sought reconsideration of the court's earlier decision granting partial summary judgment on liability on the counterclaim for abuse of process. The court denied Riemers' request for reconsideration, stating he had initially failed to provide a response to the motion for summary judgment and reconsideration would eviscerate the requirement that parties provide a response to a motion for summary judgment. The district court thereafter found Heidee Hill liable to Riemers for $8,245.87 for unpaid rent and property damage and Riemers liable to Ashley Roesler for $10,164 for abuse of process. The court explained "Roesler testified that because of Riemers' actions public housing assistance she had secured was withdrawn [and although she] was able to reinstate the assistance ... Riemers' abuse of process resulted in a delay of one year in [her] receipt of benefits."

## II

[¶ 8] Riemers argues the district court did not have authority to award the Hill family $500 in attorney fees when his 2013 complaint was dismissed without prejudice. He contends there was no contractual authority for that award and the court did not make a finding his complaint was frivolous under N.D.C.C. § 28–26–01(2), or made without reasonable cause and not in good faith under N.D.C.C. § 28–26–31. He claims this Court should reverse the award of attorney fees because he "merely failed to personally appear at a

motion hearing due to a scheduling mix-up."

[¶ 9] The "American Rule" requires parties to a lawsuit to be responsible for their own attorney fees. *Deacon's Dev., LLP v. Lamb*, 2006 ND 172, ¶ 11, 719 N.W.2d 379. Generally, successful litigants are not allowed attorney fees in North Dakota unless authorized by contract or statute. *Id.* We have recognized, however, a district court has inherent authority to sanction a litigant for misconduct and that sanction may include an award of attorney fees. *Viscito v. Christianson*, 2015 ND 97, ¶¶ 29–30, 862 N.W.2d 777; *Dronen v. Dronen*, 2009 ND 70, ¶ 51, 764 N.W.2d 675. Inherent sanctions require a case-by-case analysis of the circumstances for the sanction and must be reasonably proportionate to the misconduct. *Viscito*, at ¶ 29. In imposing a sanction for misconduct, a court should consider the culpability or state of mind of the party against whom sanctions are imposed and the degree of prejudice incurred by the other party. *Id.*

[¶ 10] Sanctions imposed under a court's inherent power are reviewed under an abuse-of-discretion standard. *Dronen*, 2009 ND 70, ¶ 51, 764 N.W.2d 675. A court abuses its discretion if it acts in an arbitrary, capricious, or unreasonable manner, or if it misinterprets or misapplies the law. *Overboe v. Brodshaug*, 2008 ND 112, ¶ 7, 751 N.W.2d 177. A court acts arbitrarily, capriciously, or unreasonably when its decision is not the product of a rational mental process by which the facts and law relied upon are stated together for the purpose of reaching a reasoned and reasonable decision. *Id.*

[¶ 11] Here, the district court's award of attorney fees stated Riemers "did not show up for the hearing he noticed." The court also said the Hill family had requested $3,300 in attorney fees to defend Riemers' action, which included $900 to prepare for and attend the hearing, and the court awarded them $500 in attorney fees because Riemers did not show up for the hearing. We conclude the court had inherent authority to award attorney fees based on Riemers' unexcused failure to appear at the hearing he noticed. We further conclude the court's award of $500 in attorney fees to the Hill family for Riemers' failure to appear was not arbitrary, capricious, or unreasonable and was not an abuse of discretion.

III

[¶ 12] Riemers argues the district court erred in consolidating the 2013 and 2014 lawsuits.

[¶ 13] Rule 42(a), N.D.R.Civ.P., authorizes consolidation of actions involving common questions of law or fact. We review a district court's decision to consolidate actions under the abuse-of-discretion standard. *Heller v. Production Credit Ass'n*, 462 N.W.2d 125, 127 (N.D.1990). Here, the 2013 and 2014 actions involved common questions of law and fact, and the court's order consolidating the actions for all matters explained the consolidation was made after "all the parties have indicated their agreement to consolidation of the cases." In view of the parties' agreement, the court's decision to consolidate the two actions was not arbitrary, capricious, or unreasonable, was the product of a rational mental process, and was not a misapplication of the law. We therefore conclude the court did not abuse its discretion in consolidating the two actions.

IV

[¶ 14] Riemers argues the district court erred in denying his discovery request in his 2013 lawsuit, because discovery would have helped him oppose the Hill

family's motion for summary judgment on their counterclaim for abuse of process.

[¶ 15] The district court's initial ruling on Riemers' discovery request states:

Riemers has failed to comply with North Dakota Rule of Civil Procedure 37(a)(1) prior to seeking the motion to compel responses to the discovery requests. Rule 37(a)(1) requires certification that the parties have conferred or attempted to confer regarding the asserted failure to respond to discovery requests before the initiation of a motion to compel.

The undersigned also notes that the discovery responses Riemers seeks to compel are related to discovery requests initiated on August 31, 2013, prior to the initiation of the pending counterclaim. Presumably that discovery would relate to Riemers' claims which have been dismissed. Continued discovery, in these proceedings, related to claims that have been dismissed would not be appropriate.

[¶ 16] Later, the district court again denied Riemers' motion to compel discovery in the consolidated actions, noting that Riemers had failed to provide a certification under N.D.R.Civ.P. 37(a)(1) and that the Hill family had provided answers to his requests.

[¶ 17] A district court has broad discretion regarding discovery, and its decision will not be reversed on appeal absent an abuse of discretion. *Western Horizons Living Ctrs. v. Feland*, 2014 ND 175, ¶ 11, 853 N.W.2d 36. The court's decisions denying Riemers' motions to compel discovery were not arbitrary, capricious, or unreasonable, were the product of a rational mental process, and were not a misapplication of the law. We therefore conclude the court did not abuse its discretion in denying Riemers' motions to compel discovery.

V

[¶ 18] Riemers argues the district court erred in awarding him a money judgment for damages to the leased premises against only Heidee Hill instead of against all the persons that lived there.

[¶ 19] The district court's decision stated Riemers testified he did not know which of the occupants caused the damage to his property and he offered no evidence to establish liability outside the parties' written lease agreement, which was signed by only Heidee Hill. On this record and the court's findings, we conclude the court did not err in imposing liability for unpaid rent and property damage against only Heidee Hill.

VI

[¶ 20] Riemers argues that merely initiating a lawsuit by service of a summons and complaint does not constitute process supporting the tort of abuse of process. He argues the only process used by him was a summons used for its intended purpose of giving the district court personal jurisdiction over the Hill family. He asserts communications in judicial proceedings are absolutely privileged and his summons and complaint for damages arising from the Hill family's occupancy of his property were absolutely privileged.

[¶ 21] The district court decided the liability issue for the abuse-of-process claim by summary judgment, which is "a procedural device for promptly resolving a controversy on the merits without a trial if there are no disputed issues of material fact and inferences that can reasonably be drawn from undisputed facts, or if the only issues to be resolved are questions of law." *Davidson v. State*, 2010 ND 68, ¶ 11, 781 N.W.2d 72. In an appeal from a summary judgment, we view the

evidence in the light most favorable to the party opposing the motion and give that party the benefit of all favorable inferences that can be reasonably drawn from the record. *Lucas v. Riverside Park Condos. Unit Owners Ass'n,* 2009 ND 217, ¶ 16, 776 N.W.2d 801. "The degree of response required of a party opposing a motion for summary judgment is set by the scope of the motion." *Zueger v. Carlson,* 542 N.W.2d 92, 94 (N.D.1996).

If the moving party meets its initial burden of showing the absence of a genuine issue of material fact, the party opposing the motion may not rest on mere allegations or denials in the pleadings, but must present competent admissible evidence by affidavit or other comparable means to show the existence of a genuine issue of material fact. Rule 56 requires the entry of summary judgment against a party who fails to establish the existence of a material factual dispute as to an essential element of the claim and on which the party will bear the burden of proof at trial. When no pertinent evidence on an essential element is presented to the trial court in resistance to the motion for summary judgment, it is presumed that no such evidence exists. This Court has repeatedly cautioned that mere speculation is not enough to defeat a motion for summary judgment, and a scintilla of evidence is not sufficient to support a claim.

*Barbie v. Minko Constr., Inc.,* 2009 ND 99, ¶ 6, 766 N.W.2d 458 (internal quotations and citations omitted). " 'On appeal, this Court decides whether the information available to the district court precluded the existence of a genuine issue of material fact and entitled the moving party to judgment as a matter of law.' " *Lucas,* at ¶ 16 (quoting *Barbie,* at ¶ 5). " 'Whether the district court properly granted summary judgment is a question of law which we review de novo on the entire record.' " *Id.*

[¶ 22] An "[a]buse of process occurs when a person uses a legal process, whether criminal or civil, against another primarily to accomplish a purpose for which it is not designed." *Jordet v. Jordet,* 2015 ND 76, ¶ 20, 861 N.W.2d 147. The two essential elements of an abuse-of-process claim are: (1) an ulterior purpose; and (2) a willful act in the use of the process not proper in the regular conduct of the proceeding. *Id.* In cases involving abuse-of-process claims, our decisions require some overt act akin to extortion or attempting to obtain a collateral advantage beyond the issuance of the formal use of process. *See Jordet,* at ¶ 20; *Wachter v. Gratech Co., Ltd.,* 2000 ND 62, ¶¶ 33–34, 608 N.W.2d 279; *Kummer v. City of Fargo,* 516 N.W.2d 294, 297–99 (N.D.1994); *Volk v. Wisconsin Mortg. Assurance Co.,* 474 N.W.2d 40, 43–44 (N.D.1991); *Stoner v. Nash Finch, Inc.,* 446 N.W.2d 747, 751–52 (N.D.1989).

[¶ 23] In *Jordet,* 2015 ND 76, ¶ 20, 861 N.W.2d 147 (quoting *Stoner,* 446 N.W.2d at 751), we explained abuse of process requires more than the formal use of process itself:

Some definite act or threat not authorized by the process, or aimed at an objective not legitimate in the use of the process, is required; and there is no liability where the defendant has done nothing more than carry out the process to its authorized conclusion, even though with bad intentions. The improper purpose usually takes the form of coercion to obtain a collateral advantage, not properly involved in the proceeding itself, such as the surrender of property or the payment of money, by the use of the process as a threat or a club. There is, in other words, a form of extortion, and it is what is done in the course of

negotiation, rather than the issuance or any formal use of the process itself, which constitutes the tort.

In *Stoner*, at 752 (quoting Prosser & Keeton, *The Law of Torts*, § 121, p. 898 (5th ed.1984)), we discussed the sequence for the use of process in the context of the overt act or attempt to obtain a collateral advantage:

Some of the decisions have said that there must be an improper act, such as an extortion attempt, after the process has issued and that an act committed beforehand is not enough. Most of these cases probably stand only for the narrower proposition that there must be an overt act and that bad purpose alone is insufficient. Thus a demand for collateral advantage that occurs before the issuance of process may be actionable, so long as process does in fact issue at the defendant's behest, and as a part of the attempted extortion.

[¶ 24] We have recognized a finding on the elements of abuse of process is a question of fact. *See Jordet*, 2015 ND 76, ¶¶ 19–21, 861 N.W.2d 147 (affirming summary judgment dismissal of abuse-of-process claim because no evidence presented raising inference process was used for ulterior purpose or to obtain collateral advantage); *Volk*, 474 N.W.2d at 43–44 (genuine issues of material fact precluded summary judgment dismissal of claim for abuse of process); *Stoner*, 446 N.W.2d at 752–53 (holding substantial evidence supported jury finding of abuse of process).

[¶ 25] The district court's decision granting the Hill family summary judgment on the liability issue for their claim for abuse of process stated Riemers did not provide evidence by affidavit or otherwise to oppose the Hill family's sufficiently supported motion for summary judgment. The court explained the Hill family provided facts to show Riemers instituted his

action against them as an act of revenge following their report about the property to the Grand Forks Public Health Department. The court said the Hill family claimed Riemers initiated the lawsuit against Ashley Roesler to disqualify her from receiving affordable housing through the Grand Forks Housing Authority by alleging Roesler owed him $10,320. They claimed the Grand Forks Health Department's determination about the property indicated Riemers' action was to harass them. In discussing the Hill family's evidence in the context of the ulterior purpose element for an abuse-of-process claim, the court said "from these [recited] facts it would be possible for a fact finder to conclude that Riemers acted with an ulterior purpose in the initiation of his legal action." In discussing the willfulness element for the improper use of process in the context of the Hill family's proffered evidence, the court said the recited facts "could support a determination that Riemers acted willfully."

[¶ 26] The court's statements indicate the court effectively gave the Hill family the benefit of all favorable inferences on those issues. Riemers had an obligation to properly resist the motion for summary judgment, and he could have presented more documentation in response to the Hill family's motion for summary judgment. We conclude, however, summary judgment on the issue of liability was inappropriate because issues about Riemers' willfulness and ulterior motive and about the existence of an overt act in the form of coercion to obtain a collateral advantage in this context raise factual questions inappropriate for summary judgment. On this record, we decline Riemers' invitation to conclude that his actions constituted merely initiating a lawsuit. We conclude the court erred in granting summary judgment on liability for the Hill family's

counterclaim for abuse of process, and we reverse the summary judgment on the liability issue and remand for further proceedings on the abuse-of-process claim.

### VII

[¶ 27]   We affirm in part and reverse the summary judgment on liability for the abuse-of-process claim and remand for further proceedings on that claim.

[¶ 28]   CAROL RONNING KAPSNER, LISA FAIR McEVERS, DANIEL J. CROTHERS and DALE V. SANDSTROM, JJ., concur.