# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

2019 ND 205

| | |
|---|---|
| Rodenburg Law Firm, | Plaintiff and Appellant |
| v. | |
| Kathy Sira, aka Kathy Jimenez,<br>Mikhail Usher, and Usher Law Group, P.C., | Defendants and Appellees |

No. 20180401

Appeal from the District Court of Cass County, East Central Judicial District, the Honorable Steven L. Marquart, Judge.

AFFIRMED.

Opinion of the Court by Jensen, Justice.

Stacey J. Hummel (argued), Clifton G. Rodenburg (on brief), and Eeva M. Wendorf (on brief), Fargo, ND, for plaintiff and appellant.

Mikhail Usher, self-represented and as pro hac vice for Kathy Sira, aka Kathy Jimenez, and Usher Law Group, P.C., Brooklyn, NY, and William C. Peacock, Broadchannel, NY, for defendants and appellees; submitted on brief.

**Rodenburg Law Firm v. Sira**

**No. 20180401**

**Jensen, Justice.**

[¶1]   The Rodenburg Law Firm appeals from a judgment dismissing its action against Kathy Sira, Mikhail Usher, and the Usher Law Group, P.C., for malicious prosecution, abuse of process, and exemplary damages.  We conclude the district court did not clearly err in dismissing Rodenburg's claims for abuse of process and malicious prosecution.  We affirm the judgment.

I

[¶2]   Sira initiated a Fair Debt Collection Practices Act ("FDCPA") action against Rodenburg in New Jersey federal court, alleging Rodenburg, a North Dakota law firm, engaged in harassment and abusive debt collection tactics and violated 15 U.S.C. § 1692 et. seq.  Sira's action was ultimately dismissed by agreement of the parties.  After the dismissal of Sira's action, Rodenburg sued Sira and her attorney, Usher and the Usher Law Group, in this action, alleging malicious prosecution. Rodenburg subsequently amended its complaint to include claims for abuse of process and exemplary damages.

[¶3]   After a bench trial, the district court dismissed Rodenburg's claims.  The court found Sira lived in New Jersey, her allegations in the federal FDCPA action stated a claim for relief, and her allegations were based on reasonable trustworthy information made after a reasonable inquiry under the circumstances.  The court found Sira's lawsuit was not for an improper purpose and was not an abuse of process.  The court also found her lawsuit was not a malicious prosecution because there was probable cause for the action and there was no malice.

II

[¶4]   Rodenburg argues the district court misapplied the law in determining Sira and Usher had probable cause to bring the FDCPA action against Rodenburg in New Jersey federal court.  Rodenburg also argues that the court misapplied the law in

1

determining Usher and the Usher Law Group satisfied their obligation to make a reasonable inquiry into the validity of the claims before bringing the FDCPA action. Rodenburg further argues the court made clearly erroneous findings regarding Sira's credibility, the court misapplied the law regarding probable cause and malice for a malicious prosecution claim, and the court misapplied the law regarding abuse of process.

III

[¶5]  We initially consider Rodenburg's challenge to the district court's dismissal of the abuse of process claim.

[¶6]  An "[a]buse of process occurs when a person uses a legal process, whether criminal or civil, against another primarily to accomplish a purpose for which it is not designed." *Jordet v. Jordet*, 2015 ND 76, ¶ 20, 861 N.W.2d 147. The two essential elements of an abuse-of-process claim are:  (1) an ulterior purpose; and (2) a willful act in the use of the process not proper in the regular conduct of the proceeding. *Id*. "In cases involving abuse-of-process claims, our decisions require some overt act akin to extortion or attempting to obtain a collateral advantage beyond the issuance of the formal use of process." *Riemers v. Hill*, 2016 ND 137, ¶ 22, 881 N.W.2d 624 (citing *Jordet*, at ¶ 20; *Wachter v. Gratech Co., Ltd.*, 2000 ND 62, ¶¶ 33-34, 608 N.W.2d 279; *Kummer v. City of Fargo*, 516 N.W.2d 294, 297-99 (N.D. 1994); *Volk v. Wisconsin Mortg. Assurance Co.*, 474 N.W.2d 40, 43-44 (N.D. 1991); *Stoner v. Nash Finch, Inc.*, 446 N.W.2d 747, 751-52 (N.D. 1989)).

[¶7]  A district court's findings on the elements of a claim for an abuse of process are questions of fact. *Riemers*, 2016 ND 137, ¶ 24, 881 N.W.2d 624. A question of fact will not be reversed on appeal unless it is clearly erroneous under N.D.R.Civ.P. 52(a). *Schindler v. Wageman*, 2019 ND 41, ¶ 8, 923 N.W.2d 507. A finding of fact is clearly erroneous if it is induced by an erroneous view of the law, if there is no evidence to support it, or if this Court is left with a definite and firm conviction a mistake has been made. *Id*.

[¶8]   The district court made specific factual findings regarding whether Sira's FDCPA federal court action in New Jersey was initiated for an ulterior purpose, one of the essential elements of Rodenburg's claim for abuse of process. The court found Rodenburg had previously secured a judgment in collection proceedings against Sira, collection efforts were initiated and Sira agreed to a payment plan. The court found Sira subsequently contacted Rodenburg regarding payment of the debt and was informed Rodenburg had closed its file and instructed Sira to contact the creditor directly. Rodenburg also obtained Sira's New Jersey address. Sira contacted the creditor and was directed to a second law firm, the Eltmann firm, regarding the debt. At the same time she was in contact with the Eltmann firm regarding the original debt, Sira began to receive phone calls regarding a second debt from Portfolio Recovery Associates, LLC. Sira testified she told Usher that Eltmann and Portfolio always identified themselves in phone calls to her. The court found that while living in New Jersey, Sira began to receive collection calls from an unidentified source regarding collection of a "judgment." According to Sira, the calls were rude and sarcastic, and the caller refused to give her information about the caller's identity. Sira contacted Usher and informed him that Rodenburg had previously secured a judgment against her when she lived in Montana. Sira also told Usher that Rodenburg had obtained her address in New Jersey, where she had lived for six months and planned to continue to reside. Sira communicated to Usher that someone had attempted to withdraw funds from her bank account and that she could not recall having received a validation notice as required under the FDCPA. She informed Usher she suspected Rodenburg made the calls to her because she did not believe anyone else was aware of the judgment. Usher then sued Rodenburg on behalf of Sira in New Jersey federal court, alleging violations of the FDCPA.

[¶9]  The district court noted that a representative of Rodenburg, during a deposition, conceded that had the parties in Sira's federal action in New Jersey not agreed to dismissal of the litigation, Rodenburg's motion to dismiss may not necessarily have been granted.  The court further found the settlement discussions during the federal court litigation in New Jersey could not be characterized as an abuse of process.

[¶10]  From those facts, the district court found Usher had reasonable trustworthy information from Sira that led him to believe New Jersey was an appropriate jurisdiction for resolution of the FDCPA claims, and there was a reasonable chance of prevailing on the claims.  The court found Sira's New Jersey lawsuit was designed for the purpose of asserting FDCPA claims, not an ulterior purpose, and dismissed Rodenburg's abuse of process claim.

[¶11]  We conclude the district court's finding the New Jersey litigation was not initiated for an ulterior purpose was not induced by an erroneous view of the law, there is evidence in the record to support that finding, and we are not left with a definite and firm conviction a mistake has been made.  The court's finding was not clearly erroneous, and we affirm the dismissal of Rodenburg's abuse of process claim.

IV

[¶12]  Rodenburg challenges the dismissal of his malicious prosecution claim.  This Court has previously recognized the following elements necessary to support a malicious prosecution claim:

> In order to maintain an action for malicious prosecution one must establish, at a minimum, the following elements:
> 1. A criminal proceeding instituted or continued by the defendant against the plaintiff.
> 2. Termination of the proceeding in favor of the accused.
> 3. Absence of probable cause for the proceeding.
> 4. "Malice," or a primary purpose other than that of bringing an offender to justice.

*Richmond v. Haney*, 480 N.W.2d 751, 755 (N.D. 1992) (citing Prosser and Keeton, *The Law of Torts*, 5th ed., p. 871 (1984); *Larson v. Baer*, 418 N.W.2d 282 (N.D. 1988)).

4

[¶13] When considering a claim for malicious prosecution, this Court has previously recognized malice is a question of fact. *Kron v. Bodmer*, 63 N.D. 686, 694, 249 N.W. 772, 776 (1933). *See Richmond*, 480 N.W.2d at 755 n. 4 (stating that establishing malice as a matter of fact is an essential prerequisite to maintaining a claim for malicious prosecution). The district court determined, consistent with its determination on the abuse of process claim, the federal court litigation in New Jersey was brought for the purpose for which it was designed, not an ulterior purpose, and the court found there was no malice in bringing the action, a required element of a malicious prosecution claim. *See Kummer*, 516 N.W.2d at 298 (stating malice for malicious prosecution action is essentially synonymous with the element of ulterior purpose in abuse of process).

[¶14] We conclude the district court's finding about the absence of malice was not induced by an erroneous view of the law, there is evidence in the record to support it, and we are not left with a definite and firm conviction a mistake has been made. The court's finding was not clearly erroneous, and we affirm the dismissal of Rodenburg's malicious prosecution claim.

V

[¶15] Rodenburg challenges the district court's application of the law regarding probable cause to bring the FDCPA claim in New Jersey. Rodenburg's assertion the court misapplied the law with regard to determining whether Sira, Usher, and/or the Usher Law Firm had probable cause relates the third element necessary to support a claim for malicious prosecution.

[¶16] Probable cause for the institution of an action does not depend on the actual state of the case, but on the honest and reasonable belief of the party prosecuting it. *Johnson v. Huhner*, 76 N.D. 13, 22, 33 N.W.2d 268, 273 (N.D. 1948). Whether there was probable cause to initiate the federal action in New Jersey is a mixed question of law and fact. *See Richmond*, 480 N.W.2d at 756. " 'It is well-established an appellate court need not address questions, the answers to which are unnecessary to the determination of an appeal.' " *State v. Garge*, 2012 ND 138, ¶ 14, 818 N.W.2d 718

5

(quoting *Clark v. State*, 2001 ND 9, ¶ 9, 621 N.W.2d 576. In order for Rodenburg to prevail on the malicious prosecution claim, all four of the elements necessary for the claim must be proven, including the existence of malice, a question of fact. Having concluded the district court's determination there was an absence of malice was not clearly erroneous, it is unnecessary to determine whether the court erred in its application of the law in considering whether there was probable cause to support the federal action in New Jersey.

[¶17] Rodenburg challenges the district court's application of the law in the dismissal of the malicious prosecution claim. In summary, Rodenburg contends the court's misapplication of the law regarding whether the defendants could have reasonably believed the New Jersey federal court had jurisdiction, and whether there was probable cause to support the FDCPA claims asserted in that action, led to a clearly erroneous factual finding regarding the lack of malice. As noted above, we conclude the district court's finding of an absence of malice was not induced by an erroneous view of the law, there is evidence to support it, and we are not left with a definite and firm conviction a mistake has been made.

## VI

[¶18] A claim for exemplary damages is derivative of another cause of action, is not an independent claim, and "no award of exemplary damages may be made if the claimant is not entitled to compensatory damages." N.D.C.C. § 32-03.2-11(4). *See Thimjon Farms P'ship v. First Int'l Bank & Trust*, 2013 ND 160, ¶ 34, 837 N.W.2d 327 (stating claim for punitive damages is futile in the absence of a viable substantive claim); *Hilton v. N.D. Educ. Ass'n*, 2002 ND 209, ¶ 31, 655 N.W.2d 60 (stating punitive damages are not allowed in the absence of compensatory damages). The dismissal of Rodenburg's claims for abuse of process and malicious prosecution eliminated Rodenburg's claim for exemplary damages.

## VII

[¶19] The district court's finding of fact that the federal court action in New Jersey was not brought for an ulterior purpose was not clearly erroneous, and dismissal of

6

Rodenburg's claim for abuse of process was appropriate. The court's factual finding Rodenburg failed to prove malice was not clearly erroneous, and dismissal of the malicious prosecution claim was appropriate. We affirm the district court judgment.

[¶20] Jon J. Jensen
Daniel J. Crothers
Jerod E. Tufte
Lisa Fair McEvers
Gerald W. VandeWalle, C.J.