# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

### 2024 ND 53

Scott Anthony Dahms,                                    Plaintiff and Appellant

v.

Legacy Plumbing, LLC,                                    Defendant and Appellee

### No. 20230349

Appeal from the District Court of Cass County, East Central Judicial District, the Honorable Steven E. McCullough, Judge.

REVERSED AND REMANDED.

Opinion of the Court by Bahr, Justice.

Adam P. Richard, Fargo, ND, for plaintiff and appellant.

Lynn M. Mesteth, Fargo, ND, for defendant and appellee.

# Dahms v. Legacy Plumbing
## No. 20230349

**Bahr, Justice.**

[¶1]   Scott Dahms appeals a judgment dismissing his complaint after the district court granted summary judgment in favor of Legacy Plumbing, LLC. We conclude Dahms's action is for breach of contract. We further conclude the court erred in granting summary judgment. We deny Legacy's request for attorney's fees. We reverse and remand.

## I

[¶2]   Dahms hired Legacy to perform a plumbing rough-in in a house built in the 1920's. Due to the age and condition of the piping, Legacy recommended it replace as much of the piping as possible while the walls were open. Dahms indicated he wanted to keep the job as cheap as possible and did not want additional piping replaced. Legacy completed the work on March 8 and 9, 2022. After Legacy completed the work, Dahms discovered a leak in the bathroom. On April 15, 2022, Legacy fixed the leak without charging Dahms for the repair. The leak caused damage to the home.

[¶3]   Dahms filed suit in small claims court for the cost to repair the damage from the leak. In his claim affidavit, Dahms did not articulate a specific cause of action. Legacy removed the case to district court, filed an answer, and moved for summary judgment. In support of summary judgment, Legacy submitted affidavits from three of its employee plumbers. In response, Dahms submitted his own affidavit; Dahms did not file an amended complaint. The court granted summary judgment in favor of Legacy and entered judgment dismissing Dahms's claim.

## II

[¶4]   This Court's standard of review on summary judgment is well established:

> In deciding whether the district court appropriately granted summary judgment, we view the evidence in the light most

1

favorable to the opposing party, giving that party the benefit of all favorable inferences which can reasonably be drawn from the record. A party opposing a motion for summary judgment cannot simply rely on the pleadings or on unsupported conclusory allegations. Rather, a party opposing a summary judgment motion must present competent admissible evidence by affidavit or other comparable means that raises an issue of material fact and must, if appropriate, draw the court's attention to relevant evidence in the record raising an issue of material fact. When reasonable persons can reach only one conclusion from the evidence, a question of fact may become a matter of law for the court to decide. A district court's decision on summary judgment is a question of law that we review de novo on the record.

*Miller v. Nodak Ins. Co.*, 2023 ND 37, ¶ 12, 987 N.W.2d 369 (quoting *N. Star Mut. Ins. v. Ackerman*, 2020 ND 73, ¶ 6, 940 N.W.2d 857).

A

[¶5]  Dahms did not articulate whether he was bringing a contract or tort claim. His claim affidavit does not use the terms contract, agreement, or breach. It also does not use the terms tort, negligence, or duty. Addressing this issue in his reply brief, Dahms asserts he "chose not to amend his complaint as his claim affidavit clearly shows there is a cause of action for recovery of damages due to Legacy Plumbing's conduct." However, he never identifies the purported cause of action; he simply argues the issue was one of causation. The district court did not identify under what cause of action it addressed Dahms's claim. Before reviewing the court's grant of summary judgment, this Court must determine the nature of Dahms's claim.

[¶6]  "A breach of contract is the nonperformance of a contractual duty when it is due. The elements of a *prima facie* case for breach of contract are: (1) the existence of a contract; (2) breach of the contract; and (3) damages which flow from the breach." *Bakke v. Magi-Touch Carpet One Floor & Home, Inc.*, 2018 ND 273, ¶ 13, 920 N.W.2d 726 (internal citations omitted). "The party asserting a breach of contract must prove all of the elements." *Three Aces Props. LLC v. United Rentals (N. Am.), Inc.*, 2020 ND 258, ¶ 10, 952 N.W.2d 64. However, "[a] breach of contract does not, by itself, provide a basis for a negligence action."

2

*Swanson v. Larson*, 2021 ND 216, ¶ 24, 967 N.W.2d 778. "Conduct constituting a breach of contract does not subject the defendant to an action in tort for negligence, unless the defendant's conduct also establishes a breach of an independent duty that does not arise from the contract." *Id.*; *see Pioneer Fuels, Inc. v. Montana-Dakota Utilities, Co.*, 474 N.W.2d 706, 710 (N.D. 1991).

[¶7] Dahms and Legacy do not dispute they had a contractual agreement for Legacy to perform plumbing work. The property damage in this case allegedly comes from Legacy's work under that agreement. Neither Dahms's claim affidavit nor his briefs articulate or allege an independent tort. Therefore, we conclude Dahms's action is in contract, and we analyze Dahms's claim as a breach of contract claim.

B

[¶8] Dahms argues there is a material dispute as to the source and the cause of the leak. He further argues the district court improperly determined credibility when concluding there was not a genuine dispute of material fact.

[¶9] "In deciding a motion for summary judgment, the district court may not 'weigh the evidence, determine credibility, or attempt to discern the truth of the matter[.]'" *Markgraf v. Welker*, 2015 ND 303, ¶ 28, 873 N.W.2d 26 (quoting *Northern Oil & Gas, Inc. v. Creighton*, 2013 ND 73, ¶ 11, 830 N.W.2d 556). However, "mere speculation is not enough to defeat a motion for summary judgment, and a scintilla of evidence is not sufficient to support a claim." *Riemers v. Hill*, 2016 ND 137, ¶ 21, 881 N.W.2d 624 (quoting *Barbie v. Minko Constr., Inc.*, 2009 ND 99, ¶ 6, 766 N.W.2d 458).

[¶10] The parties have different views as to the cause and source of the leak. According to Dahms, the leak was from "the hub connecting the new PVC[.]" According to Legacy, "The source of the leak was the original lead and Oakum joint seal inside the main cast iron stack, not the PVC piping or hub part installed by Legacy."

## C

[¶11] Dahms argues his affidavit and pictures create a genuine issue of material fact regarding the source of the leak. In his affidavit, Dahms explains he has "12 years of experience as a Class A North Dakota contractor" and has "been a licensed architect since 2015 in North Dakota." Dahms states he has "completely restore[d] two houses built prior to 1900" and is "very familiar with the inner working of buildings and what is needed to restore them properly and without failure." In his affidavit, Dahms states he inspected the leak himself: "I received a call that a leak had occurred from the homeowner. On April 11, 2022, I went back to the home and inspected the leak myself. I turned on the bathroom sink and discovered the leak." Based on his personal inspection, Dahms states "[t]he source of the leak was the hub connecting the new PVC, which [Legacy] installed to the four-inch cast iron stack where the tie in leaked." He further states, "The transition between the new pipes and old pipes, which was installed by [Legacy], is where the leak occurred[.]"

[¶12] Through the affidavits of its plumbers, Legacy asserts the source of the leak was the original lead and Oakum joint seal inside the main cast iron stack, not the PVC piping or No Hub Coupling installed by Legacy. Legacy asserts it did not replace the original lead and Oakum joint seal on the main cast iron stack. However, Legacy did recommend to Dahms that the original pipes be replaced due to their age and material, and advised Dahms of the risks of not replacing them. Legacy states its plumbers identified the source of the leak. Legacy also explained how its plumbers repaired the leak. Legacy provided photographs in support of its position.

[¶13] Based on the affidavits and photographs, the district court concluded there was no genuine issue of fact as to the source of the leak. After discussing the affidavits and photographs, the court wrote:

> The source of the leak was a lead and Oakum joint, not the PVC piping or hub part installed by Legacy. This conclusion was reached by a plumbing technician with eight years of experience . . . and confirmed by another with 25 years of experience . . . .

4

> Plaintiff drawing an arrow on a photograph does not disprove the facts asserted and sworn to by Legacy.

The court emphasized the experience of Legacy's plumbers, writing they "are not inexperienced plumbers" and that "[t]he cause of the leak being pipe failure where the galvanized pipe is sealed in the lead and oakum was confirmed by three plumbing professionals with extensive training and experience in [plumbing] (two with 8 years of experience and one with 25 years of experience)."

[¶14] "A motion for summary judgment is not an opportunity to conduct a mini-trial." *Hamilton v. Woll*, 2012 ND 238, ¶ 13, 823 N.W.2d 754 (quoting *Farmers Union Oil Co. v. Smetana*, 2009 ND 74, ¶ 11, 764 N.W.2d 665). "This Court has repeatedly held that summary judgment is inappropriate if the court must draw inferences and make findings on disputed facts to support the judgment." *Id.* (quoting *Farmers Union Oil*, at ¶ 10).

[¶15] Here, it appears the district court conducted a mini-trial, improperly weighing the evidence and determining witness credibility by considering the experience of the affiants. Although Legacy's plumbers had more plumbing experience than Dahms, and thus arguably were more credible, Dahms presented first-hand knowledge of the source of the leak. As the party opposing the motion for summary judgment, Dahms is entitled to have the evidence viewed in the light most favorable to him, and to be given the benefit of all favorable inferences which can reasonably be drawn from the record. Reviewing the record de novo and applying that standard, we conclude a genuine issue of material fact exists as to the source of the leak.

D

[¶16] The district court also concluded there was no genuine issue of fact as to the cause of the leak. Dahms asserts "[t]he leak occurred because the plumber was inexperienced with the technology of the drain and over tightened the gasket which caused it to fail." Legacy asserts the cause of the leak was pipe failure where the galvanized pipe is sealed in the lead and Oakum. The court primarily based its conclusion regarding the cause of the leak on the source or

location of the leak. Because a genuine issue of material fact exists as to the location of the leak, based on our de novo review, we conclude a genuine issue of material fact exists as to the cause of the leak.

E

[¶17] In its proposal, Legacy expressly noted, "*INCIDENTALS NOT INCLUDED AND WILL BE QUOTED/APPROVED PRIOR TO COMPLETION*." The district court wrote, "There is no dispute that this was an incidental, as confirmed by [Dahms] himself[.]" Dahms disputes he conceded the damage was an incidental under the warranty clause. In his district court brief, Dahms wrote, "Defendant should be responsible for the incidental damages they caused." On appeal, Dahms explains, "Dahms merely used the word incidental to explain that the damages were not intentionally caused by Legacy Plumbing, however were caused because of Legacy Plumbing's negligent actions and failure to test the plumbing system or inspect the existing plumbing system."

[¶18] Based on the record, Legacy has not demonstrated the damage due to the leak is an incidental under the warranty clause. If, as alleged by Dahms, the leak was at the transition between the new pipes and old pipes installed by Legacy, the leak would not be incidental to the work Legacy performed under the contract. Accordingly, based on our de novo review of the record, a genuine issue of material fact exists regarding the damage was incidental to Legacy's work under the agreement.

F

[¶19] Legacy argues we should affirm the district court's grant of summary judgment because Dahms did not identify his cause of action. Legacy did not raise Dahms's failure to identify a specific cause of action below, and the court did not grant summary judgment on that ground. This Court recently reiterated:

> The purpose of an appeal is to review the actions of the trial court, not to grant the appellant an opportunity to develop and expound upon new strategies or theories. The requirement that a party first

6

present an issue to the trial court, as a precondition to raising it on appeal, gives that court a meaningful opportunity to make a correct decision, contributes valuable input to the process, and develops the record for effective review of the decision. It is fundamentally unfair to fault the trial court for failing to rule correctly on an issue it was never given the opportunity to consider. Accordingly, issues or contentions not raised . . . in the district court cannot be raised for the first time on appeal.

*Albertson v. Albertson*, 2023 ND 225, ¶ 8, 998 N.W.2d 811 (quoting *Schrodt v. Schrodt*, 2022 ND 64, ¶ 7, 971 N.W.2d 861). We decline to affirm the judgment on this ground because Legacy did not raise the issue below.

[¶20] Based on our review of the evidence submitted by both parties, and considering it in the light most favorable to Dahms, we conclude genuine disputes of material fact exist as to the source and cause of the leak, and that the district court erred in granting summary judgment.

### III

[¶21] Legacy requests attorney's fees on appeal under N.D.R.App.P. 38. Rule 38 provides, "If the court determines that an appeal is frivolous, or that any party has been dilatory in prosecuting the appeal, it may award just damages and single or double costs, including reasonable attorney's fees." "An appeal is frivolous if it is flagrantly groundless, devoid of merit, or demonstrates persistence in the course of litigation which could be seen as evidence of bad faith." *Sadek v. Weber*, 2023 ND 14, ¶ 17, 985 N.W.2d 672 (quoting *Lucas v. Porter*, 2008 ND 160, ¶ 28, 755 N.W.2d 88). Because we reverse and remand, we conclude Dahms's appeal is not frivolous. We deny Legacy's request for attorney's fees.

### IV

[¶22] Having considered the parties' other arguments, we conclude they are unnecessary to the decision or are without merit. We reverse and remand.

[¶23] Jon J. Jensen, C.J.
Daniel J. Crothers
Lisa Fair McEvers
Jerod E. Tufte
Douglas A. Bahr