# United States Court of Appeals
## For the Eighth Circuit

_____

No. 23-2434
_____

Michael A. Wood, Jr.; Jessica M. Wood

*Plaintiffs - Appellants*

v.

Alexandria Huber; John B. Kaelberer; Overland West, Inc.

*Defendants - Appellees*

Ron Claiborne; Brad A. Jerome, PTLM; Randy Ziegler, Deputy Chief; City of Bismarck; Joshua Boles; The Hertz Corporation

*Defendant*s
_____

Appeal from United States District Court
for the District of North Dakota - Western
_____

Submitted: March 29, 2024
Filed: April 5, 2024
[Unpublished]
_____

Before SMITH, GRUENDER, and GRASZ, Circuit Juges.
_____

PER CURIAM.

In this diversity action arising from a rental car agreement, Arizona residents Michael and Jessica Wood appeal the grant of summary judgment in favor of Overland, a North Dakota corporation, and its employees, Alexandria Huber and John Kaelberer (collectively, Overland). The Woods alleged that Michael Wood rented a vehicle from Overland, which operates a Hertz Rent A Car franchise. After the vehicle got stuck in a snowbank, Wood returned to the franchise and told Overland employees they would have to retrieve it. Wood subsequently tweeted about their poor customer service, and flew home. Overland did not retrieve the vehicle, and charged Wood's debit card for an extended rental term; after it could no longer secure payment to continue extending the rental term, Kaelberer reported to police that Wood stole the vehicle. The district court granted summary judgment to Overland on the Woods' claims of malicious prosecution, breach of contract, negligence, and negligent supervision, as well as their claim for exemplary damages. We affirm in part and reverse in part.

The Woods claimed that Overland breached the rental agreement by not informing Wood that a stolen vehicle report could be filed if he failed to return the vehicle pursuant to the agreement. We conclude that summary judgment was proper on this claim, as the Woods did not point to a provision or duty in the rental agreement that Overland breached. See Klein v. Affiliated Grp., Inc., 994 F.3d 913, 916 (8th Cir. 2021) (standard of review); Bakke v. Magi-Touch Carpet One Floor & Home, Inc., 920 N.W.2d 726, 731 (N.D. 2018) (breach-of-contract claim requires existence of contract, breach of contract, and damages that flow from breach). To the extent the Woods argue that Overland breached the oral agreement to retrieve the vehicle, we conclude that this argument fails. See N.D. Cent. Code § 9-09-06 (contract in writing may be altered by contract in writing or by executed oral agreement and not otherwise).

The Woods also claimed that Kaelberer's report to police that the vehicle was stolen constituted malicious prosecution. We conclude that the Woods presented

sufficient evidence to support this claim. See Marolt v. Alliant Techsystems, 146 F.3d 617, 619 (8th Cir. 1998) (when reviewing grant of summary judgment, court reviews factual record in light most favorable to losing party); Richmond v. Haney, 480 N.W.2d 751, 755 (N.D. 1992) (malicious prosecution claim requires criminal proceeding instituted by defendant against plaintiff, termination of proceeding in favor of plaintiff, absence of probable cause, and malice or primary purpose other than bringing offender to justice). Specifically, the Woods presented sufficient evidence that Kaelberer lacked probable cause to believe that Wood had stolen the vehicle when he contacted police, as Wood testified that he informed Overland employees where the vehicle was, that he was willing to pay costs associated with Overland retrieving the vehicle, and that Overland employees agreed to recover the vehicle. See Richmond, 480 N.W.2d at 756 (whether probable cause exists is mixed question of law and fact and depends on honest and reasonable belief of person instigating prosecution; while court decides whether facts warrant belief of guilt in reasonably cautious and prudent person, the existence of essential belief on part of defendant is question of fact). Further, a jury could infer malice based on Kaelberer's testimony that he filed the police report to collect a debt, and testimony that Overland employees were aware of Wood's negative tweet and considered it harassing or threatening. See Norberg v. Norberg, 889 N.W.2d 889, 896-97 (N.D. 2017) (malice includes reckless disregard of another's rights and consequences that may result; it includes wrongful and improper motives as well as intent to commit wrongful and improper act); Lux v. Bendewald, 227 N.W. 550, 553 (N.D. 1922) (commencing criminal prosecution for sole purpose of enforcing payment of a debt is an act from which malice may be inferred; question is one of fact for jury).

The Woods further claimed that Overland's failure to reach out to him prior to contacting police constituted negligence. We conclude the Woods presented sufficient evidence for a jury to find that Overland violated its duty of care. See N.D. Cent. Code §§ 9-10-01 ("Every person is bound without contract to abstain from injuring the person or property of another or infringing upon any of that person's

rights."), 9-10-06 ("A person is responsible not only for the result of the person's willful acts but also for an injury occasioned to another by the person's want or ordinary care or skill in the management of the person's property or self."); Messer v. B & B Hot Oil Serv., 868 N.W.2d 373, 377 (N.D. 2015) (to succeed on negligence claim, plaintiff must prove that defendant owed duty to plaintiff, defendant breached duty, and plaintiff suffered injury that was proximately caused by defendant's negligence); Johnson v. American Motors Corp., 225 N.W.2d 57, 61 (N.D. 1974) (standard of care that everyone is required to meet in North Dakota is fixed by statute; whether one has acted reasonably or with due care is question of fact for jury). Specifically, a jury could find that Overland failed to exercise due diligence prior to reporting Woods to police, as Kaelberer testified that Overland employees only attempted to contact Wood by phone a single time prior to contacting police despite the fact that it had his address, e-mail address, and social media accounts; and despite the fact that it occasionally sends demand letters to customers prior to initiating criminal proceedings. Further, it is unclear from the record whether Overland ever attempted to retrieve the vehicle, or whether it did any investigation before reporting Wood to the police. See Kuehn v. Garcia, 608 F.2d 1143, 1147 (8th Cir. 1979) (omission to act can be negligent if one is under a duty to act).

The Woods finally claimed that Overland's failure to train its employees regarding filing stolen vehicle reports constituted negligent supervision. We conclude that a jury could find Overland failed to exercise ordinary care in supervising its employees, particularly because filing stolen vehicle reports without probable cause appears to be a foreseeable consequence of Overland's policies. See Koehler v. County of Grand Forks, 658 N.W.2d 741, 749 (N.D. 2003) (negligent supervision claim may arise when employer fails to exercise ordinary care in supervising employment relationship to prevent foreseeable misconduct of employee from causing harm to other employees or third persons); Schleicher v. Western State Bank, 314 N.W.2d 293, 298 (N.D. 1982) (whether injury could have reasonably been anticipated is question of fact for jury).

Accordingly, we affirm the grant of summary judgment as to the breach-of-contract claim, but reverse as to the malicious prosecution, negligence, and negligent supervision claims, and remand for further proceedings. Because the claim for exemplary damages is derivative of those claims, we also remand it for further proceedings. See Rodenburg Law Firm v. Sira, 931 N.W.2d 687, 691 (N.D. 2019) (claim for exemplary damages is not independent claim, but is derivative of other causes of action).

_____